Martha PEKONEN, Plaintiff,

v.

Max EDGINGTON, Charles D. Edgington, Robert L. Edgington, Colda Edgington, Office of Federal Employees Group Life Insurance, Defendants.

Civ. No. S-743.

United States District Court
E. D. California.
March 21, 1969.

Richard Kilmartin, Knight, Boland & Riordan, San Francisco, Cal., for defendants.

Albert M. Lavezzo, Vallejo, Cal., for plaintiff.

## AMENDED MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

A Memorandum and Order having been filed in this matter on March 12, 1969, and since that date it having been brought to the attention of the court that

the addition of certain language to lines 31 and 32, page 1 of the Memorandum and Order, which clarify and more readily identify the subject matter of the Memorandum and Order, and good cause appearing, the aforementioned Memorandum and Order is amended to read as follows:

This is an action to recover the proceeds of an insurance policy. Defendant Metropolitan Life Insurance Company (sued herein as Office of Federal Employees Group Life Insurance) moves for summary judgment. The facts are as follows. Robert H. Edgington died on October 14, 1967. At the time of his death he was employed at the San Francisco Bay Naval Shipyard, Mare Island, California, and insured under a group life insurance policy issued to the United States Civil Service Commission by defendant pursuant to the Federal Employees' Group Life Insurance Act of 1954 and administered by the Office of Federal Employees Group Life Insurance. The decedent designated no beneficiary on the policy but in a holographic will admitted to probate he designated plaintiff, a friend, as beneficiary. Claims to the proceeds of the policy have also been filed by three surviving sons and the former spouse of decedent. Plaintiff was not related to the decedent in any way.

The only dispute in this case is over the interpretation of 5 U.S.C.A. § 8705 (a) which provides

The amount of group life insurance * * * in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, * * * in the Civil Service Commission. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not*

*so executed and filed has no force or effect.* (Emphasis added.)

The italicized words were added by amendment in 1966. (80 Stat. 78 (1966).) In a case decided before the amendment, on facts similar to the instant case, a court decided that designation of beneficiary in a holographic will was sufficient to entitle the designee to the life insurance proceeds. Sears v. Austin, 292 F.2d 690 (9th Cir. 1961).

The amendment was passed for the purpose of avoiding the *Sears* result. Defendant cites the Congressional Record —Senate for March 14, 1966, in which the purpose of the amendment is explained:

The equities in Sears may have prompted the court of appeals to disregard the civil service regulation and the general intent of the statute in order to comply with the insured's wishes, but the precedent established in that case could, if generally followed, result in administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to survivors of Federal employees.

To clarify Congress intent, H.R. 432 rewrites section 4 to state clearly that the order of procedure set out in that section shall prevail over any extraneous document designating a beneficiary unless the designation has been properly received in the employing office or by the Civil Service Commission.

It is undisputed that the decedent in this case did not file a designation of beneficiary in the form required by the statute. In light of the clear statement of Congressional intent, plaintiff's appeal to equitable principles is futile.

There being no genuine issue as to any material fact and it being apparent that defendant is entitled to judgment as a matter of law, the motion for summary judgment is granted. Federal Rule of Civil Procedure 56(c).

It is therefore ordered that defendant's motion for summary judgment is hereby granted and that judgment for defendant Office of Federal Employees Group Life Insurance be rendered in this case.