**Naomi ADAMS**

v.

**John W. MACY, Jr., Chairman, Robert E. Hampton, and Ludwig J. Andolsek, Commissioners being and comprizing the members of the United States Civil Service Commission.**

**Civ. A. No. 19506.**

United States District Court,
D. Maryland.

June 23, 1970.

M. Richard Moss, Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., Baltimore, Md., for defendants.

NORTHROP, District Judge.

Plaintiff brings this suit in the United States District Court for the District of Maryland to recover death benefits alleged to be due her as the designated beneficiary of her deceased husband under the Federal Employees Group Life Insurance Program.

The parties have stipulated the following facts:

Plaintiff, Naomi Adams, married Clarence E. Adams on March 2, 1964. Clarence Adams, an examining clerk with the Social Security Administration in Baltimore, Maryland, retired from the federal service on grounds of medical disability effective December 16, 1965.

In addition to his retirement benefits, Clarence Adams was insured for $5,000 life insurance under the provisions of Group Life Policy 17,000–G, purchased by the Civil Service Commission from the

Metropolitan Life Insurance Company of New York in accordance with the Federal Employees Group Life Insurance Act. Clarence Adams died of cancer of the larynx on March 20, 1968, at his home in Baltimore.

Clarence Adams executed several life insurance "Designation of Beneficiary" forms during and after retirement from federal employment. On February 26, 1966, he named plaintiff and Hilda Evans to receive equal half shares of the aforesaid life insurance. On September 1, 1967, he executed another "Designation of Beneficiary" form directing that three-quarters of his life insurance proceeds be paid to the plaintiff and one-quarter to Hope and Rose Neely. This designation was received by the Civil Service Commission on September 8, 1967.

On December 7, 1967, another "Designation of Beneficiary" was sent to the Commission. This form designated plaintiff, Naomi Adams, as sole recipient of benefits under the Federal Employees Group Life Insurance Program.

On December 7, 1967, Clarence Adams was suffering from terminal cancer and the Designation of Beneficiary sent to the Commission was signed with an "X". All prior documents signed by Clarence Adams throughout the years were signed by writing out his name. The December 7, 1967, Designation of Beneficiary was witnessed by the plaintiff Naomi Adams and their attorney, M. Richard Moss.

The Commission returned the designation for the reason that the designated beneficiary had signed as one of the witnesses in violation of the applicable regulations. No further Designation of Beneficiary was received. The proceeds of the life insurance policy were paid in accordance with the September 1, 1967, designation, i. e., three-fourths of the proceeds to the plaintiff, Naomi Adams, and one-fourth of the proceeds to Hope and Rose Neely.

The dispute in this case is over the interpretation of 5 U.S.C. sec. 8705(a) and implementary regulations, particularly 5 C.F.R. 870.901(c):

A witness to a designation of beneficiary is ineligible to receive payment as a beneficiary.

As stipulated, it was for that reason that Standard Form No. 54 entitled Designation of Beneficiary was returned to the insured.

The plaintiff contends that her signature was mere surplusage and that despite the regulation, the intention of the insured as evinced by the form—although not complying with the regulations as to witnesses—must prevail.

The government's position is that the act and regulations must be strictly followed.

Section 8705(a) was amended in 1966 by adding

For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

In a case decided before the amendment, a court decided that designation of beneficiary in a holographic will was sufficient to entitled the designee to the life insurance proceeds. Sears v. Austin, 292 F.2d 690 (9th Cir. 1961).

The amendment was passed for the purpose of avoiding the *Sears* result. The reason for the amendment is explained in a Senate report:

The equities in Sears may have prompted the court of appeals to disregard the civil service regulation and the general intent of the statute in order to comply with the insured's wishes, but the precedent established in that case could, if generally followed, result in administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to survivors of Federal employees.

To clarify Congress' intent, H.R. 432 rewrites section 4 to state clearly that the order of precedence set out in that section shall prevail over any ex-

traneous document designating a beneficiary unless the designation has been properly received in the employing office or by the Civil Service Commission.

S.Rep.No.1064, 89th Cong., 2d Sess., 2 U.S.Code Cong. & Adm.News 2070, 2071 (1966).

The amendment to 5 U.S.C. § 8705(a) was inserted not to change the beneficiary designation provisions but to clarify Congress' intention that a literal compliance with statutory procedure is absolutely necessary in order for a federal employee to change the beneficiary of his group insurance policy. See Stribling v. United States, 419 F.2d 1350 (8th Cir. 1969) for a discussion of the amendment. In Pekonen v. Edgington, 298 F.Supp. 158 (E.D.Cal.1969) it was held that the statutory language requires strict and literal compliance.

On the agreed facts here no such strict compliance was had; therefore relief must be denied and summary judgment is granted for the United States.