**Sharon O'NEAL, Plaintiff,**

v.

**Constance GONZALEZ, individually and as personal representative of Daniel Bazo, deceased, Defendant.**

**No. 86–1890–Civ.**

United States District Court, S.D. Florida.

Feb. 10, 1987.

John G. Admire, Coral Gables, Fla., for plaintiff.

Herbert A. Warren, Miami, Fla., for defendant.

Robert Major, Shutts & Bowen, Miami, Fla., for Ins. Co.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ATKINS, District Judge.

This case raises two issues concerning a Federal Employees' Group Life Insurance ("FEGLI") policy. First, I must determine whether the insured properly executed his Designation of Beneficiary Form. Second, I must determine whether the insured's unrestricted right to change his beneficiary under the policy prohibits the imposition of a constructive trust on the proceeds of that policy.

In her motion for summary judgment, defendant asserts that the Designation of Beneficiary Form was signed by the insured and two witnesses who recognized his signature on the form. In addition, defendant asserts that an insured has an unrestricted right to change the beneficiary of his FEGLI policy. In response, plaintiff has moved for summary judgment arguing that the beneficiary form was not properly executed because the two witnesses did not sign the form at the same time and in the presence of each other and the decedent. Moreover, she urges that the unrestricted right to change a beneficiary does not prevent this court from imposing a constructive trust on the proceeds of the policy because the decedent orally promised to designate her as his beneficiary.[1]

After carefully reviewing the motions, memoranda, the court file, the relevant case law, and having considered counsel's oral arguments, it is

ORDERED AND ADJUDGED that defendant's motion for summary judgment is GRANTED.

### I. Statement of Facts

Daniel Bazo, decedent, was insured by Metropolitan Life Insurance Company ("Metropolitan") under a FEGLI policy. On September 12, 1981, Bazo designated Sharon O'Neal as beneficiary of 75% of his Additional Option & Life Insurance coverage. Then, on June 20, 1985, Bazo executed a Designation of Beneficiary Form (attached as Appendix I) which designated O'Neal as beneficiary of 10% of the Option

---

1. After reviewing the motions for summary judgment, the memoranda discussing counsels' positions, and the record, I issued a "Rule 56 Notice" so that the parties could fully develop the facts before I ruled on their motions. The affidavits, especially Mr. Mullen's, indicated that an agreement existed between Mr. Bazo and Ms. O'Neal. Yet, this evidence may not be admissi- ble because of the Florida "dead man's statute." See Florida Statutes § 90.602(1979). Because of my ruling on the preemption issue, I need not resolve the evidentiary problems surrounding the proof of an oral contract. For purposes of resolving the motions for summary judgment, I have assumed that there was a contract between Mr. Bazo and Ms. O'Neal.

B coverage, and designated Constance Gonzalez as beneficiary of all Basic Life coverage and 90% of Option B coverage. The Designation of Beneficiary Form was signed by Daniel Bazo and two witnesses, David Riles and Joe Y. Calhoun, Jr., and received in Bazo's employing office prior to his death.

Constance Gonzalez was Bazo's aunt and is the duly appointed Personal Representative of his estate. O'Neal was Bazo's close friend for many years. In fact, during the last eight years of his life, O'Neal and Bazo lived together in a marital-type relationship in Dade County, Florida.

On July 17, 1981 Bazo and O'Neal purchased a home located at 13397 S.W. 11th Lane, Miami, Florida, as joint tenants with right of survivorship.

Apparently Bazo and O'Neal were concerned about the mortgage payments, because if one of them died the survivor might not be able to financially afford to maintain the home. To guard against this possibility, the parties developed a plan.

O'Neal and Bazo were federal employees insured by Metropolitan under a FEGLI policy. On September 12, 1981, O'Neal prepared and filed her properly executed Life Insurance Designation of Beneficiary Form designating Bazo as the beneficiary to receive all of her Option A coverage and all of her Option B coverage. O'Neal maintained Bazo as her beneficiary through the date of his death. O'Neal claims that she designated Bazo as her beneficiary because he agreed to name her as his. In this manner, they ensured that the survivor would have sufficient funds to pay off the

mortgage on the residence they had purchased.[2]

At some point, Bazo decided to change the beneficiary of his policy. He obtained the proper form to accomplish his purpose. He completed the form, signed it, and obtained the signatures of two witnesses. The document, however, was not signed by the decedent and the two witnesses at the same time and in each other's presence. Nevertheless, both witnesses signed and acknowledged that they were aware of Bazo's signature.[3]

II. *Legal Discussion*

A. Execution of the Designation of Beneficiary Form

■ Plaintiff asserts that the June 20, 1985 form changing Bazo's beneficiary under his FEGLI policy is void because it was not properly witnessed. Plaintiff emphasizes that the evidence shows that the two witnesses did not sign the form at the same time, in the same place, and in the presence of each other and the decedent.[4] Moreover, the record reveals that there is some confusion concerning the order in which the parties signed the form. Defendant counters by asserting that there is no requirement, either by statute, regulations, or case law that the Designation of Beneficiary Form must be signed by the insured in the presence of two witnesses who must also sign in his presence. Instead the language of the statute reads:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office....

**2.** Bazo appears to have increased the amount of his FEGLI insurance coverage to provide for the unpaid mortgage balance.

**3.** The exact method by which Bazo signed the form and obtained the signatures of two witnesses is not absolutely clear. However, after carefully reviewing the depositions of Riles and Calhoun, I do not believe that this conflict raises a genuine issue of material fact. *See Fed.R. Civ.P.* 56(c). Neither witness disputes that he signed the form. Moreover, both witnesses acknowledge that Bazo either signed in their presence or that they recognized his signature on

the form. The minor discrepancy between witness' statements is not sufficient to preclude summary judgment. The witness' testimony reveals only that they were somewhat uncertain as to the manner in which Bazo obtained the *other* witness' signature. Individually, each witness remembers signing the form, and each observed Bazo's signature on the form.

**4.** In *Adams v. Macy, Jr.,* 314 F.Supp. 399 (D.Md. 1970), the court indicated that two witnesses were required. However, the basis for this finding is not entirely clear.

5 U.S.C.A. § 8705(a) (Supp.1982) The statute does not impose the strict requirement that the insured actually sign in the presence of a witness. It is sufficient for an insured to present the form already completed and signed to a person with the request that he sign as a witness. When this is done, there is a "signed and witnessed writing" which meets the statutory requirements. After all, the primary reason for having a witness is to establish the intent of the insured and ensure that the act is voluntary. If Congress had wanted a more strict procedure, it would have discussed the witnessing requirement in more detail.

I believe plaintiff's position is untenable for another reason. This statute was amended because of the court's ruling in *Sears v. Austin,* 292 F.2d 690 (9th Cir. 1961). Two reasons were advanced in favor of the amendment. First, Congress was concerned about any administrative difficulties for the Civil Service Commission and the insurance companies. Second, Congress wanted to avoid delays in paying the benefits to survivors. *See Adams v. Macy, Jr.,* 314 F.Supp. 399, 400 (D.Md. 1970). If I adopted plaintiff's position, I would be ignoring Congress' stated goals in amending the statute.

### B. Changing Beneficiaries Under a FEGLI Policy

On June 20, 1985, Bazo submitted a Designation of Beneficiary Form which reduced the amount of benefits O'Neal was to receive. Instead, Gonzalez was given a substantial share of the insurance proceeds. Bazo changed his beneficiaries under his FEGLI policy, although O'Neal claims they had agreed to designate each other as the beneficiaries on their respective FEGLI life insurance policies to enable the survivor to satisfy the purchase money mortgage on their home. O'Neal honored this agreement. Therefore, she claims that she is entitled to receive the insurance proceeds from Gonzalez pursuant to this court's imposition of a constructive trust on these funds.

Both sides have cited legal authority which supports their conflicting positions. Yet, neither side has cited any controlling authority; therefore, this is a case of first impression for this court. Nevertheless, the federal courts have consistently held in favor of the defendant's position. *See Metropolitan Life Insurance Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983); *Knowles v. Metropolitan Life Insurance Co.,* 514 F.Supp. 515 (N.D.Ga.1981).

In *Knowles,* the decedent's ex-wife sought to obtain the proceeds of a FEGLI policy based opom a marriage settlement agreement in which the insured agreed to maintain his ex-wife as beneficiary. Later, the insured named his second wife as the beneficiary. The court, ruling in favor of his second wife, pointed out that the insurance policy is not a private contract between the insured and the insurer, but federal policy administered under federal law. The court emphasized the provision of 5 C.F.R. § 870.901(3) to the effect that the right of the insured to change beneficiary cannot be waived or restricted. The court stated:

> This provision, having the force and effect of law must control. The marriage settlement agreement thus cannot operate as a waiver of restriction of the insured's right to change this beneficiary, and the named beneficiary, under the provisions of 5 U.S.C. § 8705(a), is entitled to the proceeds of the insurance policy at issue.

*Id.* at 516.

In *McShan,* decedent named his four children as beneficiaries in a Designation of Beneficiary form. Subsequently, a state judgment dissolving his marriage was entered which ordered the employee to maintain his children as beneficiaries. Nevertheless, the employee executed a second Designation of Beneficiary form in which he named his second wife as the sole beneficiary. The children argued that although the second wife was the legal owner of the proceeds, a constructive trust should be imposed on the proceeds because of the

insured's violation of the state court order. The court rejected this argument and held that the second wife was entitled to the proceeds of the insurance policy without restriction. The court emphasized the employee's right to change his beneficiary at any time and noted that the federal statute and regulation pre-empts state law. The court stated:

> It must be assumed that the federal provisions regarding designation of beneficiaries were intended to confer on the insured more than the right to do a meaningless act. If the proceeds are to go to someone other than the designated beneficiary the act of so designating serves no purpose.

*Id.* at 168.[5]

■ After examining the cases discussing this issue, I find Judge Peckham's reasoning in *McShan* to be persuasive. While the result is not completely satisfying, I cannot ignore the strong language of the statute. Thus, I find that Constance Gonzalez is entitled to receive all Basic Life Option A–Standard benefits and 90% of the Option B–Additional benefits under the FEGLI life insurance policy, and that Sharon O'Neal is entitled to 10% of the Option B–Additional benefits.

**5.** The *McShan* court also critized the state court's holding otherwise. *See id.* at 168.

COURT APPENDIX I

**FEGLI**

## DESIGNATION OF BENEFICIARY
Federal Employees' Group
Life Insurance Program

**IMPORTANT**
Read instructions
on back of duplicate
before filling in this form

**INFORMATION CONCERNING THE INSURED:**

| Name (Last, First, Middle) | Date of birth (Month, Day, year) |
|---|---|
| Bazo, Daniel | 10-16-50 |

Place an "X" in the appropriate box below:

*If you are retired or receiving Federal Employees Compensation give your "CSA" "CSI" or "X" number*

| X | An employee | | Retired or on applicant for retirement | | Receiving OWCP benefits or an applicant for OWCP benefits | |

Department or agency in which presently employed (If retired, former department or agency):

| Department or agency | Bureau | Division | Location (City, State and ZIP Code) |
|---|---|---|---|
| FAA | | Airway Facilities | Miami,Fl 33159 |

*I, the individual identified above, canceling any and all previous Designations of Beneficiary under the Federal Employees' Group Life Insurance Program heretofore made by me, do now designate the beneficiary or beneficiaries named below to receive any amount of LIFE IN-SURANCE and ACCIDENTAL DEATH INSURANCE due and payable at my death. I understand that this Designation of Beneficiary will remain in full force and effect, with respect to any amount payable, unless or until canceled by me in writing, or until such time as it is auto-matically canceled (see regulation "f" on reverse side of duplicate copy).*

**INFORMATION CONCERNING THE BENEFICIARY OR BENEFICIARIES (SEE EXAMPLES OF DESIGNATIONS):**

| Type or print first name, middle initial, and last name of each beneficiary | Type or print each beneficiary of each beneficiary address (including ZIP Code) | Relationship | Share to be paid to each beneficiary |
|---|---|---|---|
| _Constance Gonzalez,if living _ | 3370 NW 17 St Miami,Fl 33125 | Aunt | All Basic Life All Option-A |
| * _Constance Gonzalez,if living _ | 3370 NW 17 St Miami,Fl 33125 | Aunt | 90% Option-B |
| ** Sharon O'Neal,if living | 13397 SW11 Lane,Miami,Fl 33184 | - | 10% Option-B |
| _otherwise to Rose Marie Aleman_ | 3170 NW 19 Terr,Miami,Fl 33125 | Cousin | All Basic Life All Option-A 90% Option-B |
| * _otherwise to Rose Marie Aleman_ | 3170 NW 19 Terr,Miami,Fl 33125 | Cousin | |
| ** otherwise to Rose Marie Aleman | 3170 NW 19 Terr,Miami,Fl 33125 | Cousin | 10% Option-B |

*For each type of insurance (Basic Life, Option A–Standard and Option B–Additional): (1) I hereby direct, unless otherwise indicated above, that if more than one beneficiary is named, the share of any beneficiary who may predecease me shall be distributed equally among the surviving beneficiaries, or entirely to the survivor. (2) I understand that this Designation of Beneficiary shall be void if none of the designated beneficiaries is living at the time of my death.*
*I hereby specifically reserve the right to cancel or change this Designation of Beneficiary at any time without knowledge or consent of the beneficiary.*

| Date of execution (month, day, year) | Signature of Insured |
|---|---|
| 06-20-85 | *Daniel Bazo* |

**WITNESSES TO SIGNATURE** (A witness is ineligible to receive payment as a beneficiary):

| Signature of witness | Number and street | City, State and Zip Code |
|---|---|---|
| | 20110 SW 84 Place,Miami,Fl 33157 | Miami,Fl 33157 |
| Signature of witness | 1375 NW 172 Terr,Miami,Fl 33169 | Miami,Fl 33169 |

THIS SPACE RESERVED FOR RECEIVING AGENCY

PRINT OR TYPE NAME AND ADDRESS (Including ZIP Code) OF INSURED

Daniel Bazo
13397 SW 11 Lane
Miami,Fl 33184

(Indicate date and by whom received)

**SEE REVERSE SIDE OF DUPLICATE COPY FOR INSTRUCTIONS ON WHERE TO FILE THESE FORMS.**
**DO NOT FILE WITH THE OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE.**

U.S. Office of Personnel Management
Previous form not usable

**DUPLICATE**

Standard Form 2823
(Formerly Standard Form 54)
April 1981
FPM Supplement 870 1

PLF___ DEFT___ DOL___ ID
DATE___ 10-4-86 ___ R.G.

PLAINTIFF'S EXHIBIT E

(Riles)