## METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

### William F. SMITH, Collector of the Estate of Edward James Brennan, and Patsy W. Underwood, Defendants.

#### No. C–C–88–507–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 17, 1989.

Thomas Ashe Lockhart and George K. Evans, Cansler & Lockhart, P.A., Charlotte, N.C., for plaintiff.

John F. Ray and Kenneth R. Raynor, Wishart Norris Henninger & Pittman, P.A., and E. Fitzgerald Parnell, III, Weinstein & Sturges, P.A., Charlotte, N.C., for defendants.

### ORDER AND MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on cross Motions for Summary Judgment filed by each party in this action. The Court has jurisdiction over this action, filed November 16, 1988, pursuant to 28 U.S.C. § 1332. This lawsuit has resulted from Plaintiff Metropolitan Life Insurance Company's payment of death benefits to Defendant William F. Smith and Defendant Patsy W. Underwood's subsequent claim to be the designated beneficiary for the payment of the death benefits.

Each Motion for Summary Judgment raises, among other things, the issue of the validity of a designation of beneficiary form, dated May 27, 1987, naming Defendant Underwood as the beneficiary for the payment of death benefits under the Policy (hereafter the "Underwood Designation Form"). In his Answer, Defendant Smith challenged the validity of the Underwood Designation Form in that the persons signing as witnesses did not see the insured, Edward James Brennan, execute the Un-

derwood Designation Form, that the witnesses' signatures, thus, have no legal effect and, consequently, that the Underwood Designation Form is ineffective to confer any benefits on Defendant Underwood. The validity of the Underwood Designation Form is the first, and perhaps dispositive, issue for the Court to resolve. If the Court determines that the Underwood Designation Form is ineffective, Defendant Underwood fails to have a viable claim for the payment of death benefits under the Policy and the Court can conclude that Plaintiff properly paid the death benefits to Defendant Smith.

Plaintiff and Defendant Underwood have requested oral argument on their respective Motions for Summary Judgment. After reviewing the case file, the documents received from the parties regarding the cross Motions for Summary Judgment, and the applicable law, the Court believes that oral argument would not assist the Court in disposing of the cross Motions for Summary Judgment. The Court can decide the issues without oral argument. The Court, therefore, denies Defendant Underwood's request for a hearing and Plaintiff's request for a hearing.

The Court's standard for considering motions for summary judgment is clear. Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party, however, is not required to submit affidavits and other evidence that negate the non-moving party's claims or defenses. *Id.* After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 106 S.Ct. at 1356.

In reviewing the case file, the Court is of the opinion that this matter is ripe for summary judgment. No dispute concerning material facts exists. The Court believes that the following statement of facts accurately reflects the undisputed, essential facts contained in the record.

Brennan served for many years as a special agent with the Federal Bureau of Investigation (FBI) in Charlotte, North Carolina. On July 26, 1987, Brennan died. On August 20, 1987, Defendant Smith became the duly appointed Collector of Brennan's estate.

The Office of Personnel Management (OPM) provides group life insurance to certain present and former employees of the United States government. The insurance coverage is governed by a Federal Employees' Group Life Insurance (FEGLI) policy (hereafter "the Policy"). Plaintiff, a private insurance carrier, is the issuer of the Policy. When the events relevant to this action occurred, the Policy was in effect. To assist in administering the Policy, Plaintiff established the Office of Federal Employees' Group Life Insurance (hereafter "the Office").

At the time of his death, Brennan was insured by Plaintiff and was covered by the Policy because of his employment with the FBI. The Policy entitled a designated beneficiary to receive on Brennan's death a principal death benefit of $50,000. On October 9, 1980, Brennan executed a designation of beneficiary form naming his estate as beneficiary for the payment of the death benefits under the Policy (hereafter "the Estate Designation Form"). Brennan subsequently filed the Estate Designation Form with the OPM in accordance with the applicable federal statute. OPM timely received and validated the Estate Designation Form and placed it in Brennan's file.

On May 25, 1987, Brennan apparently executed the Underwood Designation Form, which described Defendant Underwood as Brennan's "fiance." At the time of his death, Brennan had not married Defendant Underwood. The Underwood Designation Form bears the signature of Brennan and two witnesses, Mr. W. Louie McGee and Ms. Sheryll L. Sowka. Brennan subsequently sent the Underwood Designation Form to OPM who received and validated the Underwood Designation Form on May 28, 1987. Brennan's file, however, was not in the Employee Service and Records Center (ESRC), which is the central records storage facility, but in other agency offices for official business. OPM, consequently, did not place the Underwood Designation Form in Brennan's file. OPM, instead, followed routine procedures and held the Underwood Designation Form at the ESRC for filing.

Upon receiving notification of Brennan's death, OPM initiated its routine procedures in processing Brennan's file. The Underwood Designation Form was not in Brennan's file. In reviewing Brennan's file, OPM determined that Brennan's estate appeared to be the most recently named beneficiary by virtue of the Estate Designation Form. OPM, consequently, invited Defendant Smith, as Collector of Brennan's estate, to make a claim for the death benefits under the Policy. OPM subsequently routed paperwork and other relevant documents contained in Brennan's file to Plaintiff at the OFEGLI. Because Brennan's file still did not contain the Underwood Designation Form, OPM failed to send the Underwood Designation Form to Plaintiff. Plaintiff received the documents sent by OPM at the OFEGLI on approximately October 1, 1987. On November 3, 1987, Plaintiff received a death benefits claim from Defendant Smith. Following standard practices and requiring other necessary documentation, on December 23, 1987, Plaintiff paid Defendant Smith $50,986.28 in death benefits and interest. As of December 23, 1987, Brennan's file still did not include the Underwood Designation Form.

Unknown to Plaintiff, however, OPM had received on approximately November 9, 1987, correspondence from Defendant Underwood, including a copy of the Underwood Designation Form, regarding Defendant Underwood's claim for death benefits by virtue of the Underwood Designation Form. For some unexplained reason, Plaintiff did not receive at the OFEGLI Defendant Underwood's correspondence until May 16, 1988. Upon receiving Defendant Underwood's correspondence, Plaintiff's representative recognized that if the Underwood Designation Form was valid, Defendant Underwood's claim would have priority over the claim of Defendant Smith representing Brennan's estate. By making immediate inquiry to OPM, Plaintiff attempted to locate the original Underwood Designation Form. Plaintiff received the original Underwood Designation Form at the OFEGLI in June 1988. Plaintiff then attempted to obtain a refund of the death benefits paid to Defendant Smith as Collector of Brennan's estate. Defendant Smith refused to refund the payment for death benefits. Plaintiff, consequently, filed this action seeking a refund from Defendant Smith. Because of the potential exposure for double liability based on Defendant Underwood's claim, Plaintiff joined Defendant Underwood in the action and sought a declaration of rights and legal relations between the parties.

Section 8705(a) of Title 5 of the United States Code provides, in pertinent part, as follows:

The amount of group life insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death ... [f]irst, to the beneficiary or beneficiaries designated by the employee in a *signed and witnessed writing* received before death in the employing office .... For this purpose, a designation, change or cancellation of beneficiary in a will or *other document not so executed and filed has no force or effect.*

5 U.S.C. § 8705(a) (1982) (emphasis added). The regulations promulgated under section 8705 that were effective when Brennan died provide, in pertinent part, as follows:

(a) A designation of beneficiary shall be *in writing, signed, and witnessed* and received in the employing office ... before the death of the insured.

(b) A change or cancellation of beneficiary in a last will or testament, or in *any other document not witnessed and filed as required by this part, shall not have any force or effect.*

5 C.F.R. § 870.901(a)–.901(b) (1987) (emphasis added).

The validity of witnesses' signatures on a designation of beneficiary form apparently is an issue of first impression in this Circuit. The Court has located only one published decision that discusses the witness requirement of section 8705(a). *See O'Neal v. Gonzalez,* 653 F.Supp. 719, 721 (S.D.Fla.1987), *aff'd,* 839 F.2d 1437 (11th Cir.1988). The case of *O'Neal v. Gonzalez* from the Southern District of Florida is not controlling, but is persuasive. The *O'Neal* court noted that section 8705(a) does not require the insured to sign a designation of beneficiary form in the presence of the person designated as witness. *Id.* at 722. The district court in *O'Neal* found that it was sufficient for the insured to present the form already completed and signed to a person with the request that the person sign as a witness. *Id.* The *O'Neal* court acknowledged that the witness requirement has two primary purposes: To establish the intent of the insured and to ensure that the designation of the beneficiary is voluntary. *Id.*

The Court finds that the explicit language of section 8705(a) and of the regulations does not require the insured to sign the designation of beneficiary form in the presence of the persons designated as witnesses. *See* 5 U.S.C. § 8705(a) (1982); 5 C.F.R. § 870.901(a)–.901(b) (1987). The Court, however, believes that the witness requirement exists to ensure that the insured's execution of the designation of beneficiary form is voluntary and to identify disinterested persons who can attest to the intent of the insured when the insured executed the designation of beneficiary form. *See O'Neal,* 653 F.Supp. at 722; *see also Black's Law Dictionary* 1778 (4th ed.

1951) (defining verb "witness" as "[t]o subscribe one's name to a deed, will or other document for the purpose of attesting its authenticity, and proving its execution, if required, by bearing witness thereto" and "[t]o see the execution of, as an instrument, and subscribe it for the purpose of establishing its authenticity"). A disinterested witness subsequently might be required to testify about the validity of the execution of a designation of beneficiary form or attempt to clarify an ambiguity concerning the insured's designation of a beneficiary. This Court believes that to give the witness requirement any significance, a person who is going to be a witness on a designation of beneficiary form either must be present when the insured signs the designation of beneficiary form or must receive at least an oral acknowledgement from the insured that the insured signed the designation of beneficiary form. *See id.* The Court is of the opinion that this requirement will promote the purposes of the witness requirement.

The facts of this case, however, show that the Underwood Designation Form was not properly witnessed. It is undisputed that McGee and Sowka, the two persons who served as witnesses to the Underwood Designation Form, were not present when Brennan signed the Underwood Designation Form. It is also uncontroverted that Brennan did not acknowledge to McGee that Brennan previously had signed the Underwood Designation Form. It is undisputed, further, that neither McGee nor Sowka remembers ever meeting or knowing Brennan. The Court is of the opinion that because Sowka cannot remember meeting or knowing Brennan, it reasonably can infer that Brennan never acknowledged his signature on the Underwood Designation Form to her. Moreover, Defendant Underwood admitted during discovery that she has no evidence that either McGee or Sowka or anyone else not a beneficiary witnessed Brennan sign the Underwood Designation Form.

Courts have recognized that Congress clearly intended courts strictly to construe the beneficiary designation provisions of the Federal Employees' Group Life Insur-

ance Act (hereafter "the Act"). *Stribling v. United States*, 419 F.2d 1350, 1354 (8th Cir.1969); *Adams v. Macy*, 314 F.Supp. 399, 401 (D.Md.1970); *Pekonen v. Edgington*, 298 F.Supp. 158, 159 (E.D.Cal.1969); *see* 5 U.S.C. § 8705(a) (1982) (beneficiary provisions of the Act); S.Rep. No. 1064, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S.Code Cong. & Admin.News 2070, 2071. *But see Sears v. Austin*, 292 F.2d 690 (9th Cir.) (before Congress amended Act to require witnesses for designation or changes in beneficiary, court allowed manifested intent of insured expressed in holographic will to prevail), *cert. denied*, 368 U.S. 929, 82 S.Ct. 365, 7 L.Ed.2d 192 (1961). The Court finds that because the persons signing as witnesses neither were present when Brennan signed the Underwood Designation Form nor received an acknowledgement from Brennan that he had signed the Underwood Designation Form, the Brennan failed to strictly follow the beneficiary provisions of the Act. The Court, consequently, concludes that the Underwood Designation Form is invalid.

In reviewing the evidence in the record, the Court is firmly convinced that regarding the validity of the Underwood Designation Form, no genuine issue of any material fact exists. The Court is of the opinion that Defendant Smith is entitled to summary judgment in his favor on his challenge to the validity of the Underwood Designation Form as a matter of law. The Court believes that the evidence in the entire record could not lead a rational fact-finder to find in favor of Defendant Underwood on the issue involving the validity of the Underwood Designation Form and, thus, that summary judgment in Defendant Smith's favor is appropriate.

In finding that the Underwood Designation Form is ineffective, the Court, however, does not intend to impose on Plaintiff or any other insurer providing insurance coverage under FEGLI the requirement to establish before paying death benefits under the Policy the validity of the witnesses' signatures. Such a requirement unduly would restrict Plaintiff from processing undisputed claims for payment of death benefits. The Court intends its holding to apply only to the cases in which a party challenges the validity of the witnesses' signatures.

In his Answer, Defendant Smith also has claimed that because Defendant Underwood's claim for death benefits was not timely, Plaintiff properly paid Defendant Smith and Defendant Underwood is barred from recovery. In his Motion for Summary Judgment, Defendant Smith has sought summary judgment on this alternative ground. In concluding that the Underwood Designation Form is invalid, however, the Court finds it unnecessary to consider and determine Defendant Smith's alternative ground for summary judgment.

In her Answer, Defendant Underwood counterclaimed against Plaintiff for the payment of death benefits. Both Plaintiff and Defendant Underwood have filed Motions for Summary Judgment on Defendant Underwood's counterclaim. By concluding that the Underwood Designation Form is invalid, the Court also must conclude that Plaintiff is entitled to summary judgment in its favor on Defendant Underwood's counterclaim. The Court, therefore, will grant Plaintiff's Motion for Summary Judgment on Defendant Underwood's counterclaim and will deny Defendant Underwood's Motion for Summary Judgment on its counterclaim against Plaintiff.

Because summary judgment in Defendant Smith's favor is appropriate, the Court also can declare the rights and legal relations of the parties, in response to Plaintiff's request in its Complaint and pursuant to 28 U.S.C. § 2201. Based upon a review of the record, Defendant Smith, as the duly appointed Collector of Brennan's estate, is the rightful beneficiary of the death benefits under the Policy as between Defendant Underwood and Defendant Smith. Defendant Smith shall not be required to return $50,986.28 in death benefits to Plaintiff. Defendant Underwood is not entitled to the payment of death benefits under the Policy by virtue of the Underwood Designation Form.

NOW, THEREFORE, IT IS ORDERED that (1) Defendant Smith's Motion for Sum-

mary Judgment is hereby GRANTED; (2) Defendant Underwood's Motion for Summary Judgment on its counterclaim for the payment of death benefits is hereby DENIED; (3) Plaintiff's Motion for Summary Judgment on Defendant Underwood's counterclaim for the payment of death benefits is hereby GRANTED; and (4) Defendant Underwood shall HAVE AND RECOVER NOTHING on her counterclaim against Plaintiff.

IT IS DECLARED that Defendant Smith, as the duly appointed Collector of Brennan's estate, is the rightful beneficiary of the death benefits as between Defendants Underwood and Smith.