**Jacqueline MOBLEY, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.**

Civ. No. 95–170 (TFH).

United States District Court,
District of Columbia.

Nov. 29, 1995.

Mabel Dole Haden, Washington, DC, for Plaintiff.

James Frederick Bromley, Bromley, Greene & Walsh, Washington, DC, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

THOMAS F. HOGAN, District Judge.

This is an action brought to determine the rights of various potential beneficiaries to the life insurance proceeds of decedent Joseph P. Mobley, who was insured by the defendant, Metropolitan Life Insurance Company ("MetLife"). For the reasons stated below, after considering the parties' arguments and exhibits, the Court will deny the plaintiff's motion for declaratory judgment and set this matter for trial.

Joseph P. Mobley died on October 18, 1991. He was survived by at least two children, Jacqueline and Jason Mobley, and by his ex-wife, Thomasine Mobley. In addition, Susan Diane Brock claims that she was Joseph Mobley's common-law wife and that her daughter, Teara Kenya Brock, was Joseph Mobley's daughter. For purposes of clarity, the Court will subsequently refer to all parties by their first names.

At the time he died, Joseph had not named a beneficiary for the $35,000 in proceeds that were due and payable by MetLife. The policy had been issued pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701–8716 ("FEGLIA"). In circumstances when no beneficiaries are named, the statute sets forth an order of precedence of beneficiaries. The proceeds are payable first to the widower or widow of the decedent. If no widow or widower exists, the

proceeds are payable to the child or children of the employee. 5 U.S.C. § 8705(a).

Jacqueline and Jason claimed that they were beneficiaries, and so did Teara, through her mother Susan. When MetLife learned that the status of Teara, and possibly of Susan, was disputed, it moved to deposit one-third of the proceeds with the Court after distributing the other two thirds to Jacqueline and Jason. The Court granted the motion and MetLife deposited the funds.

Thomasine did not respond to the complaint and summons served upon her, and the clerk entered default against her. Thus, the parties' claims now stand as follows: Jacqueline brings this action against MetLife and against Susan as next friend of Teara. MetLife, properly treating this action as an interpleader, has filed a counterclaim against Jacqueline and a cross-claim against Susan. Susan has filed a counterclaim against Jacqueline.

■ On September 28, 1995, Jacqueline filed a "Motion for Declaratory Judgment" seeking a declaration that Teara is not a beneficiary, and requesting an award of punitive damages and attorney's fees against MetLife. The Court will treat this as a motion for summary judgment. MetLife has filed an opposition to the motion. Upon consideration of these submissions, as well as of the parties' pleadings and exhibits, the Court determines that Teara may be entitled to the deposited proceeds and therefore the Court will deny the motion for summary judgment.

In order prevail on a motion for summary judgment pursuant to Fed.R.Civ.P. 56, a moving party must demonstrate that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the Court must view all of the evidence in the light most favorable to the nonmoving party. *Matsushita Electric v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The regulations interpreting the order of precedence provision in FEGLIA state that the term "child" includes "a legitimate child, an adopted child, or a recognized natural child." 5 C.F.R. § 870.901(a)(1). A "recognized natural child" is a child for whom the father:

(A) Has acknowledged paternity in writing;

(B) Has been judicially ordered to provide support;

(C) Has, before his death, been judicially decreed to be the father;

(D) Has been established as the father by a certified copy of the public record of birth or the church record of baptism if the insured was the informant and so named himself as father of the child; or

(E) Has established paternity on the public records, such as school or social welfare agencies, which show that with his knowledge the insured was named as the father of the child.

5 C.F.R. § 870.901(a)(2)(i). The regulation goes on to state that

[s]econdary evidence to support the alleged paternity, such as evidence of eligibility as a recognized natural child under other State or Federal programs or proof of inclusion of the child as a recognized natural child on the insured's income tax returns, may also be considered in the determination process.

5 C.F.R. § 870.901(a)(2)(ii).

Though Teara did not submit any independent evidence regarding these requirements, Jacqueline's own exhibits and MetLife's suggest that Teara is Joseph's recognized natural child in accordance with these regulations. Two documents in particular tend toward this conclusion.

■ First, both Jacqueline and MetLife submitted a "Patient Registration Form" dated February 13, 1988. This form was apparently completed when Teara sought medical treatment at a clinic. The handwritten form states that Joseph is the responsible party for Teara. In the space marked "Relation," "Father" is written. The form is signed "Joseph Mobley." This document appears to meet the requirement set forth in 5 C.F.R. § 870.901(a)(2)(i)(A), which requires

written acknowledgment of paternity by the father.

■ Second, MetLife submits a letter to Teara from the United States Office of Personnel Management ("OPM"). The letter states that Teara is "eligible for continued health benefits coverage as the surviving child of Joseph P. Mobley." This document constitutes secondary evidence of the type referred to in 5 C.F.R. § 870.901(a)(2)(ii).

Jacqueline disputes the authenticity of the signature on the Patient Registration Form. She claims that it is forged, and submits other samples of Joseph's signature for comparison. She also argues that the samples show that Joseph was in the habit of signing his name as "Joseph P. Mobley," and that therefore the "Joseph Mobley" signature on the form was not his. Whether or not this signature is authentic constitutes an issue which the Court cannot resolve at the summary judgment stage. There is a genuine issue of material fact as to whether Teara is a "recognized natural child" pursuant to FEGLIA. This issue must be resolved at trial.

■ Jacqueline also argues that the Court should accord credit to a decision reached in the Superior Court for the District of Columbia. That decision held that Teara was not Joseph's child for purposes of probate proceedings involving another life insurance policy held by Joseph. There are two reasons why this decision is inapposite. First, the probate proceedings in Superior Court did not involve the life insurance policy at issue here and did not include MetLife as a party. Second, and more importantly, the Superior Court decision did not apply the definitions set forth in the FEGLIA regulations. The only reported federal decision considering the matter held that the FEGLIA and its "natural recognized child" regulation preempted conflicting state law. *Metropolitan Life Insurance Co. v. Browning,* 839 F.Supp. 1508, 1512 (W.D.Okla.1993). *See also Metropolitan Life Insurance Co. v. Christ,* 979 F.2d 575, 577–78 (7th Cir.1992) (holding that other provision of FEGLIA preempts divorce decree).[1] Therefore, the Court cannot adopt the Superior Court's decision when the FEGLIA regulations suggest a different result. Furthermore, Jacqueline presented none of the evidence relied upon by the Superior Court in her motion here.

For the above-stated reasons, the Court will deny the motion for summary judgment. However, it will rule that the Superior Court decision is not binding on this Court. The Court will also deny Jacqueline's motion for punitive damages and attorney's fees against MetLife. MetLife's handling of this matter was completely appropriate and professional.

Susan has not filed a motion or presented any evidence arguing that she is the widow of Joseph for purposes of FEGLIA. If she is the widow, she would be entitled to the entire proceeds of the MetLife policy, including those portions already distributed to Jacqueline and Jason. It is not clear whether Susan intends to assert any right to those proceeds. Her answer and counterclaim maintain that she is the widow of Joseph, but at various times she has represented to MetLife that she would not pursue the issue. Affidavit of Charles Wallace, submitted with MetLife's Response to Motion for Declaratory Judgment. Therefore, the Court will provide Susan with an opportunity to raise this issue and provide the necessary evidence, but the Court will not delay other proceedings in this case.

It is therefore ORDERED that the motion for summary judgment is DENIED.

It is FURTHER ORDERED that the above-mentioned Superior Court decision shall not have preclusive effect on the FEGLIA analysis this Court must perform.

---

**1.** There are two decisions holding that District of Columbia law applies in interpreting beneficiary definitions under FEGLIA. *Butler v. Metropolitan Life Insurance Co.,* 500 F.Supp. 661, 663 (D.D.C.1980); *Green v. Green,* 365 A.2d 610, 613 (D.C.1976). However, both of those cases were decided before the FEGLIA regulations were issued. *See* 52 Fed.Reg. 46343 (1987) (announcing final regulation and stating that regulations were created in order to bring uniformity to conflicting state law rules). For the reasons stated in *Browning* and *Christ,* the regulations now preempt state law.

It is FURTHER ORDERED that the plaintiff's motion for punitive damages and attorney's fees is DENIED.

It is FURTHER ORDERED that a status call and pretrial conference shall be held on Thursday, December 7, 1995, at 1:30 p.m.[2]

 It is FURTHER ORDERED that a bench trial shall be held on Monday, December 11, 1995, at 9:30 a.m. The plaintiff's request for a jury trial is denied. Though she deems this suit a "declaratory judgment action," for which the right to a jury trial is guaranteed by Fed.R.Civ.P. 57, it is properly construed as an interpleader action pursuant to 28 U.S.C. § 1335(a). Interpleader actions are tried by the Court in accordance with 28 U.S.C. § 2361.

---

**2.** If the parties wish to take advantage of the Court's mediation service, which is offered to litigants at no charge, they should contact chambers on or before December 7. The Court further notes that Teara is unrepresented by counsel. If she, through her guardian, can show that she is indigent and would like the assistance of court-appointed counsel, she should so notify chambers on or before December 7. Finally, if Susan wishes to bring any claims on her own behalf she must do so by December 7.