Mary THOMAS and Ivy
Thomas, Plaintiffs,

and

Donna Powell–Thomas, Plaintiff–
Intervenor,

v.

METROPOLITAN LIFE INSURANCE
CO., Defendant.

Civil A. No. 94–1908 (HHG).

United States District Court,
District of Columbia.

Jan. 22, 1996.

---

Marvin Waldman, Waldman & Diamond, Kensington, MD, for Plaintiffs Mary Thomas and Ivy Thomas.

Michael M. Hicks and Natalie O. Ludaway, Leftwich & Douglas, Washington, D.C., for Plaintiff–Intervenor Donna Powell–Thomas.

James F. Bromley, Bromley, Greene & Walsh, Washington, D.C., for Defendant.

## ORDER

HAROLD H. GREENE, District Judge.

This case is currently before the Court on Plaintiff–Intervenor Donna Powell–Thomas's Motion for Declaratory Judgment[1] and Plaintiffs Mary and Ivy Thomas's Motion for Summary Judgment. Upon consideration of these motions, the oppositions thereto, the replies, and the entire record in this case, the Court finds that Plaintiff–Intervenor's motion should be granted and Plaintiffs' motion should be denied.

This case involves a dispute over who is the beneficiary of decedent Gerald C. Thomas's life insurance policy. On August 21, 1989, decedent executed a beneficiary designation form ("Form 1") naming his wife, Plaintiff–Intervenor Donna Powell–Thomas, as the sole beneficiary of this Federal Employees' Group Life Insurance ("FEGLI") policy. On April 7, 1993, he executed another such form ("Form 2"), again naming Powell–Thomas as the sole beneficiary of his FEGLI policy. On October 13, 1993, decedent completed yet another form ("Form 3"),[2] this time naming Plaintiffs Mary and Ivy Thomas as the beneficiaries of 35% and 65%, respectively, of the policy. Decedent filled out Form 3 by hand, printing his name, address, and date of execution. He also checked a box preceding the statement "I have signed this form in the presence of two witnesses who have signed below." The form was duly signed by two witnesses. However, the box marked "Signature of Insured" was left blank.

The Federal Employees' Group Life Insurance Act ("FEGLIA") provides that a life insurance policy shall be paid "to the person or persons surviving at the date of [the decedent's] death, in the following order of preference":

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... For this purpose, a designation, change or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

5 U.S.C. § 8705(a). The sole issue for the Court to resolve in the present case is whether the form was properly "signed" as required by the statute.

The Court finds that the decedent's acts of printing his name and checking the box indicating that he had signed the form are insufficient to constitute a signature as contemplated by the statute. Courts have consistently held that FEGLIA requires strict compliance with its provisions. *E.g., Ward v. Stratton,* 988 F.2d 65, 67 (8th Cir.1993); *Adams v. Macy,* 314 F.Supp. 399, 401 (D.Md.1970); *Metropolitan Life Ins. Co. v. Trainor,* 754 P.2d 427, 428 (Colo.Ct.App. 1988); *Burleson v. Burleson,* 277 A.2d 647, 648 (D.C.1971). Although there is no requirement that a designation of beneficiary be submitted on any particular form, here the decedent used a standard form which clearly indicated the proper place to affix his signature. That box was glaring left blank. Strictly construing the statute, the Court finds no basis for concluding that the form

---

1. The Court will treat this motion as a motion for summary judgment. *See Mobley v. Metropolitan Life Ins. Co.,* 907 F.Supp. 495, 496 (D.D.C.1995). Because the sole issue before the Court involves one of statutory interpretation, *see infra,* the Court finds this case to be amenable to disposition by summary judgment. *See* Fed.R.Civ.P. 56(c).

2. Although as noted *infra* the form does not bear decedent's signature, it is undisputed that he completed this form.

was "signed" based on his handwritten name on the line designated as the area to "Print or type name" and a checkmark in a box. Decedent had previously completed such forms in a proper manner, and thus he clearly knew how to do so. Furthermore, in several places, the form tells the policy holder that it must be signed. Because it was not signed in this case, Form 3 is invalid. Thus, according to the statute, Form 2 is still in full force and effect, and decedent's wife is the proper and sole beneficiary of the policy.

Accordingly, it is, on this 22d day of January, 1996, hereby

ORDERED that Plaintiff–Intervenor Donna Powell–Thomas's Motion for Declaratory Judgment (treated as a Motion for Summary Judgment) be and is hereby GRANTED; and it is

FURTHER ORDERED that Plaintiff–Intervenor Donna Powell–Thomas be and is hereby GRANTED a declaratory judgment that she is the sole beneficiary to the FEGLI policy of decedent Gerald C. Thomas, Jr.; and it is

FURTHER ORDERED that Plaintiffs Ivy and Mary Thomas's Motion for Summary Judgment and Request for a Hearing be and is hereby DENIED; and it is

FURTHER ORDERED that the Joint Request for a Status Conference be and is hereby DENIED; and it is

FURTHER ORDERED that judgment be entered in favor of Plaintiff–Intervenor Donna Powell–Thomas; and it is

FURTHER ORDERED that the Clerk of this Court shall forthwith disburse the policy proceeds deposited into the registry of this Court to Plaintiff–Intervenor Donna Powell–Thomas.