157 F.3d 528
 Charlene C. HIGHTOWER, Plaintiff--Counter-Defendant--Appellee,
v.
Lessie KIRKSEY, Defendant--Counter-Defendant--Appellant,
v.
METROPOLITAN LIFE INSURANCE, Defendant--Counter-Claimant--Appellee.
 No. 97-3087.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 12, 1998.
Decided Oct. 8, 1998.
 
 Lary G. Stone, Stone & Associates, Chicago, IL, for Charlene C. Hightower.
 James R. Donoval (argued), Edward R. Vrdolyak, Ltd., Chicago, IL, for Lessie Kirksey.
 Joseph J. Hasman, Peterson & Ross, Chicago, IL; Alvin Pasternak (argued), Metropolitan Life Insurance Company, New York City, for Metropolitan Life Insurance Company.
 Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.
 COFFEY, Circuit Judge.
 
 
 1
 An employee of the United States Postal Service, Pink Kirksey ("the insured"), was covered under a life insurance policy issued by the defendant-appellee Metropolitan Life Insurance Company ("MetLife") pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-16. The insured died in September of 1995 and on November 18, 1996, the plaintiff-appellee, Charlene Hightower ("Hightower"), the daughter of the insured, filed for declaratory judgment in the Circuit Court of Cook County, Illinois, to obtain the proceeds of the insured's life insurance policy. Hightower sought to obtain the proceeds from MetLife free of the claims of the insured's sister, defendant-appellant Lessie Kirksey ("Kirksey").
 
 
 2
 MetLife requested and was granted leave to remove the action to the United States District Court for the Northern District of Illinois. Hightower filed a motion for summary judgment, which was granted on July 16, 1997. The trial judge ruled that because Kirksey's "designation of beneficiary" form, which named Kirksey the beneficiary of the insured's policy, was not signed, it was invalid under FEGLIA. On appeal, Kirksey contends that the district court erred in concluding that the designation form was invalid and in refusing to consider extrinsic evidence showing that the insured intended to make her the beneficiary of his policy. We affirm.
 
 I. BACKGROUND
 
 3
 The insured, an employee of the United States Postal Service ("USPS"), received government life insurance under FEGLIA. On October 12, 1978, the insured submitted a "designation of beneficiary" form to the USPS designating his wife, Maude Kirksey, as the beneficiary of his life insurance policy. In June of 1989, Maude Kirksey died. According to FEGLIA's order of precedence, if the designated beneficiary of an insurance policy died and the insured failed to name another beneficiary, the proceeds of the insurance policy would revert to the insured's widow and children. In this case, since the insured no longer had a widow, at this point, the proceeds were to revert to the insured's daughter, Hightower. On July 19, 1989, the insured submitted another "designation of beneficiary" form which designated Kirksey as the beneficiary to his policy. Although two witnesses signed the form, the insured failed to sign it and left the line designated "signature of insured" blank. Upon the insured's death on September 26, 1995, MetLife refused to pay the policy proceeds of $33,000 to either Kirksey, as the designated beneficiary on the unsigned "designation of beneficiary" form, or Hightower, as the beneficiary under FEGLIA's order of precedence for the distribution of benefits. MetLife initiated settlement proceedings between Hightower and Kirksey, but no settlement was reached.
 
 
 4
 On November 18, 1996, Hightower filed a petition for declaratory judgment in Cook County Circuit Court, attempting to force MetLife to pay the insurance proceeds to her, and on December 11, 1996, MetLife removed the matter to the United States District Court for the Northern District of Illinois. The parties did not dispute the facts, and agreed that the case was limited to the issue of whether, in order for the insured's naming of Kirksey as his beneficiary to become legitimate, an actual signature of the insured was required on the "designation of beneficiary" form. The parties prepared briefs on this issue, and filed motions for summary judgment. In the district court, Kirksey argued that the designation form should be deemed valid because the insured intended for Kirksey to be the beneficiary of the policy. In support of her argument, Kirksey submitted the affidavits of the two witnesses who were present when the insured filled out the form. The affidavits stated that the insured intended to designate Kirksey as his beneficiary. On July 16, 1997, however, the judge granted the plaintiff's motion for summary judgment and denied the defendant's motion for summary judgment. The judge ruled that 5 U.S.C. § 8705 unambiguously requires the insured's signature on beneficiary designation forms, regardless of the insured's intent. Kirksey appeals the district court's decision to grant summary judgment in favor of Hightower, specifically disputing the court's decision not to consider extrinsic evidence relating to the insured's intent.
 
 II. ISSUE
 
 5
 On appeal, the sole issue under consideration is whether the district court erred in granting the plaintiff's motion for summary judgment and in refusing to consider extrinsic evidence of the insured's intent in determining the beneficiary of his life insurance policy.
 
 III. DISCUSSION
 
 6
 This Court reviews the district court's decision to grant summary judgment de novo. See Flaherty v. Gas Research Inst., 31 F.3d 451, 456 (7th Cir.1994). This case is one of first impression for this Circuit.
 
 
 7
 FEGLIA provides a low-cost group life insurance program for federal employees, including USPS employees. The United States Office of Personnel Management, which has authority to administer and regulate the payment of benefits under FEGLIA, purchases master policies from private life insurance companies such as MetLife. 5 U.S.C. § 8709. The distribution of the proceeds from these policies is determined by an order of precedence which is addressed in 5 U.S.C. § 8705(a):
 
 
 8
 The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
 
 
 9
 First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
 
 
 10
 Second, if there is no designated beneficiary, to the widow or widower of the employee.
 
 
 11
 Third, if none of the above, to the child or children of the employee....
 
 
 12
 (emphasis added). Before Congress enacted section 8705(a) in 1966, 5 U.S.C. § 2093 guided the distribution of insurance proceeds from insurance policies held by federal employees. Section 2093 stated that
 
 
 13
 [a]ny amount of group life insurance and group accidental death insurance in force on any employee at the death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of death, in the following order of preference:
 
 
 14
 First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death....
 
 
 15
 (emphasis added). Section 2093 did not specifically require that insurance policies issued to federal employees covered by FEGLIA be signed and witnessed. See Sears v. Austin, 292 F.2d 690, 692, n. 2 (9th Cir.1961), cert. denied, 368 U.S. 929, 82 S.Ct. 365, 7 L.Ed.2d 192 (1961). Therefore, when interpreting section 2093, judges in rulings prior to 1966 exhibited a willingness to validate designation forms that had technical faults if the policyholder "substantially complied" with designation procedures and manifested an intent to designate a beneficiary. See Smith v. Metropolitan Life Ins. Co., 142 F.Supp. 320, 323 (N.D.Cal.1956) (the statute need not be strictly complied with when the intention of the insured is clear); Sears, 292 F.2d at 693-95 (a policyholder's reasonable effort to designate a beneficiary is adequate when the policyholder's intent is clear). Nonetheless, section 2093 has been replaced by section 8705(a) and is no longer valid.
 
 
 16
 Kirksey's primary argument is that pre-section 8705(a) case law supports designating her as a beneficiary under the insured's unsigned beneficiary designation form because the insured substantially complied with the requirements of section 8705(a) and his intent to designate her as beneficiary was clear. Kirksey contends that in 1966, Congress merely renumbered section 2093 as section 8705(a) and added language reiterating the importance of filing a beneficiary designation form with the appropriate employing office. Thus, Kirksey argues that the precedent of Smith and Sears should be followed as it was not contradicted by Congress's actions.
 
 
 17
 We disagree with Kirksey's interpretation for several reasons. Congress did not simply renumber the sections of FEGLIA in enacting section 8705(a). Congress specifically added the words "signed and witnessed" to describe FEGLIA's beneficiary designation requirements. 5 U.S.C. § 8705(a). In addition, in order that the requirement be clear and unambiguous, Congress added the language that any designations "not so executed and filed ha[d] no force or effect." Id. Thus, section 8705(a) explicitly and clearly mandates that a "designation of beneficiary" form be signed and witnessed in writing. Furthermore, in adding these passages to section 8705(a), Congress made clear its aim to preclude equitable exceptions similar to those raised in Sears. See Ward v. Stratton, 988 F.2d 65, 67 (8th Cir.1993).
 
 
 18
 A reading of the Code of Federal Regulations further strengthens our holding that compliance with FEGLIA requires that a designation form be signed by the insured, in the presence of witnesses, to be valid. 5 C.F.R. § 870.902(a) provides that the "designation of a beneficiary shall be in writing, signed, and witnessed...." Thus, based on Congress's intent and the plain language of the statute and FEGLIA regulations, there can be no doubt that section 8705(a) requires that a beneficiary designation form be signed by the insured.
 
 
 19
 We have found no cases, nor have any been supplied to us on behalf of the appellant, that support the validation of an unsigned beneficiary designation form under section 8705(a). On the contrary, the Court of Appeals for the District of Columbia affirmed a district court's ruling that a decedent's two acts of checking a box indicating that he had signed a beneficiary designation form and having two witnesses sign the form were insufficient to constitute a signature when the decedent had left the signature line blank. See Thomas v. Metropolitan Life Ins. Co., 921 F.Supp. 810 (D.D.C.1996), aff'd, 111 F.3d 963, 1997 WL 159426 (D.C.Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 167, 139 L.Ed.2d 111 (1997). See also Metropolitan Life Ins. Co. v. Nellis, No. 94 CV 2571 (N.D.Ohio, July 19, 1995). The court's reasoning in Thomas is consistent with the conclusion we reach in the case before us. The space for the plaintiff's signature was "glaring[ly] left blank. Strictly construing the statute, the Court finds no basis for concluding that the form was 'signed' based on [the plaintiff's] handwritten name on the line designated as the area to 'Print or type name' and a checkmark in a box." 921 F.Supp. at 811-12. To this end, courts have consistently held that section 8705 must be strictly construed. See Ward, 988 F.2d at 67 (unwitnessed letter written on behalf of the insured before his death was an invalid beneficiary designation under section 8705(a)); Metropolitan Life Ins. Co. v. Sullivan, 897 F.Supp. 65 (E.D.N.Y.1995) (beneficiary designation completed by insured's brother under power of attorney after the insured's death was invalid under section 8705(a)); Metropolitan Life Ins. Co. v. Smith, 727 F.Supp. 234 (W.D.N.C.1989) (beneficiary designation form signed by witnesses who were not present when the insured signed the form and did not receive an oral acknowledgment from the insured that he signed the designation form ruled to be invalid). Furthermore, this Court has characterized the language of section 8705(a) as strict. See Rollins v. Metropolitan Life Ins. Co., 912 F.2d 911, 916 (7th Cir.1990). We see no need to diverge from this rule of law or allow an exception to the statute based on extrinsic evidence. This Court has previously noted that "[n]othing in § 8705 or anywhere else in FEGLIA creates any exceptions, equitable or otherwise." Metropolitan Life Ins. Co. v. Christ, 979 F.2d 575, 578 (7th Cir.1992). Similarly, the aim of Congress in amending FEGLIA was "to establish, for reasons of administrative convenience, an inflexible rule that a beneficiary must be named strictly in accordance with the statute, irrespective of the equities in a particular case." Metropolitan Life Ins. Co. v. Manning, 568 F.2d 922, 926 (2d Cir.1977).
 
 IV. CONCLUSION
 
 20
 The plain language of section 8705(a) clearly and unambiguously mandates that the beneficiary designation form be signed by the insured in the presence of two witnesses or with the subsequent oral notification of two witnesses. See Smith, 727 F.Supp. at 237; O'Neal v. Gonzalez, 653 F.Supp. 719, 721 (S.D.Fla.1987), aff'd, 839 F.2d 1437 (11th Cir.1988). Furthermore, Congress clearly rejected the equitable exceptions set forth in pre-section 8705(a) case precedent when it enacted section 8705(a) in 1966. Thus, despite the insured's probable intent to designate Kirksey as beneficiary to his life insurance policy proceeds, we refuse to cast aside the clear mandate of the Congress and consider extrinsic evidence relating to the insured's intent. Based on the order of precedence set forth in section 8705(a), the trial court did not commit error in granting summary judgment to Hightower.
 
 
 21
 AFFIRMED.