Janna Kaye CAMPBELL, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE CO. and Charles O. Maxey, Defendants.**

No. CIV–92–028–S.

United States District Court, E.D. Oklahoma.

June 17, 1992.

Edwin Gage, Muskogee, OK, John Axton, Ada, OK, for Janna Kaye Campbell.

James W. Bill Berry, Bethany, OK and James Berry, Oklahoma City, OK, for Charles O. Maxey.

Elsie Draper, Tulsa, OK, for Metropolitan Life Ins. Co.

## ORDER

SEAY, Chief Judge.

*Granting Motion for Summary Judgment of Defendant Metropolitan Life and Defendant Maxey's Motion to Dismiss*

Plaintiff brings a cause of action for declaratory judgment against the defendants. Plaintiff asks the court to determine that she, and not the defendant Maxey, is the legal beneficiary of the proceeds of a life insurance policy issued by the defendant Metropolitan on the life of one Sherry C. Maxey, deceased. The defendant Charles O. Maxey is the surviving spouse of Sherry C. Maxey, and the plaintiff is the daughter of Sherry C. Maxey from a prior marriage.

The defendant Metropolitan has moved for summary judgment on the grounds that the plaintiff was not a legally designated beneficiary of the life insurance policy on the life of Sherry C. Maxey, and there being no legally designated beneficiary, the proceeds are payable to her surviving spouse, the defendant Maxey. Defendant Maxey has moved to dismiss on the same grounds.

The court finds that there are no genuine issues of material fact necessary for the determination of these issues, such that summary judgment is appropriate. Accordingly, pursuant to Rule 56, Federal Rules of Civil Procedure, the court makes the following Findings of Fact and Conclusions of Law:

**1174**

*Findings of Fact:*

1. Sherry C. Maxey was, at the time of her death on September 1, 1991, an employee of the United States Post Office, and her life was insured under a Federal Employees Group Life Insurance (FEGLI) policy issued by the defendant Metropolitan. (Plaintiff's Complaint; Kimball affidavit, defendant's brief).

2. At the time of her death, Sherry C. Maxey's surviving spouse was the defendant Charles O. Maxey. The plaintiff is the daughter of Sherry C. Maxey by a prior marriage. (Plaintiff's Complaint; Kimball affidavit, defendant's brief).

3. On March 19, 1981, Sherry C. Maxey purportedly executed a Designation of Beneficiary form, for the purpose of designating the Plaintiff as the sole beneficiary of her FEGLI death benefits. This form was filed with, and kept by, Sherry C. Maxey's employing office and/or the Office of Personnel Management. The defendant Metropolitan did not provide Sherry C. Maxey with the form or assist her in executing it. The defendant Metropolitan receives the Designation of Beneficiary form from the appropriate government agency after the insured's death. (Plaintiff's Complaint; Kimball affidavit, defendant's brief).

4. That Designation of Beneficiary form was not signed by a witness. (Exhibit B, defendant's brief).

5. The FEGLI policy requires that a designation of beneficiary be a signed and witnessed writing. (Exhibit A, § 11, defendant's brief).

6. Both the Plaintiff and the defendant Maxey filed claims with Office of the FEGLI and defendant Metropolitan. Defendant Metropolitan and the Office of the FEGLI determined that Plaintiff's claim was invalid because the Designation of Beneficiary was not signed by a witness, and there being no valid Designation of Beneficiary the death benefits were payable to Sherry C. Maxey's surviving spouse, the defendant Maxey. (Plaintiff's Complaint; Kimball affidavit and Exhibits D and E, defendant's brief).

*Conclusions of Law:*

1. This court has jurisdiction and venue in this case. 5 U.S.C. §§ 8701 et seq. and 28 U.S.C.A. § 1391(a).

2. Summary Judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir.1988).

3. After a movant makes a properly supported motion for summary judgment, the non-moving party has the burden of setting forth *specific* facts showing the existence of a genuine issue of fact for trial. An Affidavit containing only conclusions of law, unsupported by factual allegations, is insufficient to establish the existence of a triable issue. *Bright v. Moss Ambulance Service, Inc.*, 824 F.2d 819, 824 (10th Cir.1987). Summary Judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–252, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986); *Windon Third Oil and Gas v. FDIC*, 805 F.2d 342, 346 (10th Cir. 1986).

4. To be valid, a Designation of Beneficiary on a FEGLI policy must be witnessed. 5 U.S.C. § 8705(a); 5 C.F.R. Part 870.902(a).

5. Strict and literal compliance is mandatory in designating a beneficiary on a FEGLI policy. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir.1982). Congress intended an inflexible rule of strict compliance with the law in naming a beneficiary in FEGLI policies, irrespective of the equities in a particular case, and an insured's intent to designate a person as a beneficiary has no effect if the requirements of the Federal Employees Group Life Insurance Act are not met. *Metropol-*

*itan Life Ins. Co. v. Manning,* 568 F.2d 922, 925–926 (2nd Cir.1977); *O'Neal v. Gonzalez,* 839 F.2d 1437, 1440 (11th Cir. 1988).

■ Pursuant to the above Findings of Fact and Conclusions of Law, the court finds that Sherry C. Maxey's attempted designation of the plaintiff as the sole beneficiary of her death benefits in her FEGLI policy was invalid and of no effect, leaving the defendant Charles O. Maxey, her surviving spouse, the sole beneficiary of her death benefits in her FEGLI policy. Accordingly, the defendant Metropolitan's Motion for Summary Judgment is granted, and the defendant Maxey's Motion to Dismiss is granted.

IT IS SO ORDERED.