Marian WARD, Appellee,

v.

Cleta Ward STRATTON, Appellant.

No. 92–2129.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1992.

Decided March 15, 1993.

Diane C. Howard, Cape Girardeau, MO, argued, for appellant.

L. Joe Scott and Daniel T. Moore, Poplar Bluff, MO, argued, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.

WOLLMAN, Circuit Judge.

Cleta Stratton appeals from the district court's judgment awarding the proceeds of Grady Ward's Federal Employees' Group Life Insurance Policy to Marian Ward 795 F.Supp. 289. We reverse and remand with directions.

## I.

Grady Ward obtained a life insurance policy issued by Metropolitan Life Insurance Company (Metropolitan) in the amount of $20,000. Ward, a civilian employee of the United States Air Force, procured the policy through the Federal Employees' Group Life Insurance (FEGLI) program.

Grady Ward married appellee Marian Ward in 1950 and divorced her in 1970. Grady Ward did not designate Marian as the beneficiary of his policy during this marriage. After his divorce from Marian, Grady Ward married a second time. Ward also did not make his second wife a beneficiary to the policy.

In 1976, Grady Ward married Cleta Stratton. On August 3, 1976, Ward properly executed and filed a Designation of Beneficiary Form with the Office of Personnel Management (OPM), designating Cleta as the sole beneficiary of his life insurance policy. On December 16, 1980, Ward affirmed this designation by properly executing and filing a second Designation of Beneficiary Form with the OPM.

Grady Ward's marriage to Cleta Stratton ended in divorce on April 23, 1982, where-

---

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

upon Grady Ward married yet a fourth time. He did not change the beneficiary designation in favor of his fourth wife.

On April 13, 1989, Ward wed a fifth time, remarrying his first wife, Marian Ward. On August 16, 1989, Marian Ward wrote a letter to the OPM on behalf of Grady Ward. The letter, which was unwitnessed, stated that Ward had recently remarried and that he wanted "to put my wife on my disability retirement and also on my life insurance." The letter set forth Marian Ward's name, social security number, and address and stated that a copy of the marriage certificate was enclosed. On September 13, 1989, the OPM responded to the letter by asking Ward to submit a certified copy of the document that had terminated his previous marriage.[1] Enclosed with the letter was a copy of OPM Form 2823—Designation of Beneficiary Form, Federal Employees' Group Life Insurance Program—to effect the proposed change in beneficiary requested by Ward.

Grady Ward died on October 9, 1989. On October 16, 1989, the OPM received a partially completed Form 2823 containing the signature of Grady Ward and naming Marian Ward as the beneficiary of his life insurance policy. The blocks on the form requiring the insured to report his name, address, and the date of the form's execution, however, were left blank.

Sometime in November 1989, Metropolitan Life Insurance Company received a claim for the life insurance benefits of Grady Ward signed by Marian Ward, dated October 30, 1989. Marian Ward had attached to this claim a duplicate copy of the Form 2823 that had been received by the OPM on October 16. The attached form, however, now contained the missing name and address of the insured and was dated April 20, 1989. Upon receiving the claim, Metropolitan compared the attached Form 2823 to the form on file with the OPM and noticed the discrepancy. Metropolitan asked Marian Ward how the additional information had appeared on the Form 2823 after Grady Ward had died. Marian Ward informed Metropolitan that she had inserted the information on the form subsequent to Grady Ward's death. Metropolitan then rejected Marian Ward's claim on the ground that the Form 2823 had been received by OPM after the death of the insured and declared that Cleta Stratton was entitled to the proceeds of the policy.

Marian Ward then filed an action against Metropolitan in Missouri state court, demanding that Metropolitan pay the proceeds of Grady Ward's life insurance policy to her. Metropolitan removed the action to federal court and filed an interpleader counterclaim against Marian Ward and Cleta Stratton.

The district court allowed Metropolitan to deposit the life insurance proceeds with the court and to withdraw from the action. The district court ultimately held that "[e]ven though the initial request from the decedent lacked the necessary formalities, subsequent filing of the properly executed Form 2823, read in conjunction with this request, make the designation, in this case, sufficiently complete." District Court Memorandum of June 1, 1992, at 10. Judgment was entered in favor of Marian Ward, and this appeal followed.

## II.

Title 5, Section 8705(a) of the United States Code provides, in pertinent part, that the proceeds of a life insurance policy governed by the Federal Employees' Group Life Insurance Act shall be paid as follows:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, ... in the Office of Personnel Management. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.* (Emphasis added.)

---

1. The OPM requested this document because a valid marriage may create an entitlement to federal disability benefits on the part of the insured's spouse. *See* 20 C.F.R. §§ 404.330, 345,

346. By contrast, the insured can name anyone as the beneficiary of his Federal Employees' Group Life Insurance Policy.

Congress added the italicized words to the statute by amendment in 1966. Pub.L. 89–373, 80 Stat. 78 (1966). In so doing, Congress clearly stated its intention to avoid the result reached in the earlier case of *Sears v. Austin,* 292 F.2d 690 (9th Cir. 1961). In *Sears,* the Ninth Circuit had held that the designation of a beneficiary in the insured decedent's holographic will was sufficient to entitle the designee to the life insurance proceeds. 292 F.2d at 695. Congress explained its intent in enacting the amendment to 5 U.S.C. § 8705:

> The equities in Sears may have prompted the court of appeals to disregard the civil service regulation and the general intent of the statute in order to comply with the insured's wishes, but the precedent established in that case could, if generally followed, result in administrative difficulties for the Civil Service Commission and the insurance companies and, more important, seriously delay paying insurance benefits to survivors of Federal employees.

"To clarify Congress' intent, H.R. 432 rewrites section 4 to state clearly that the order of precedence set out in that section shall prevail over any extraneous document designating a beneficiary unless the designation has been properly received in the employing office or by the Civil Service Commission." S.Rep. No. 1064, 89th Cong., 2d Sess. 2 (1966), *reprinted in* 2 U.S.C.C.A.N. 2070, 2071.

"Congress intended to establish, for reasons of administrative convenience, an inflexible rule that a beneficiary must be named strictly in accordance with the statute, irrespective of the equities in a particular case." *Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922, 926 (2d Cir.1977). Moreover, "[f]ederal courts uniformly have so held since the 1966 amendment." *Id.; see also Metropolitan Life Ins. Co. v. Smith,* 727 F.Supp. 234, 237–38 (W.D.N.C. 1989); *Pekonen v. Edgington,* 298 F.Supp. 158, 159 (E.D.Cal.1969).

As noted by the Second Circuit in *Manning,* this court has held that the statutory requirements regarding changing the named beneficiary of a FEGLI policy are to be strictly construed. In *Stribling v. United States,* 419 F.2d 1350, 1354 (8th Cir. 1969), we stated that "[t]he explicit language employed in the amendment to 5 U.S.C. § 8705(a) and the Senate Report appertaining thereto makes it abundantly clear that Congress intended the beneficiary designation provisions of the Federal Employees' Group Life Insurance Act to be strictly construed."

The Civil Service Commission has enacted regulations that control the distribution of the proceeds of a FEGLI Policy after death. *See* 5 C.F.R. § 870.902. Section 870.902 provides, in pertinent part:

Section 870.902, Designation of beneficiary.

> (a) A designation of beneficiary shall be in writing, signed, and witnessed by two people, and received in the employing office (or in OPM, in the case of: (1) An annuitant or (2) a compensationer whose basic life insurance is continued) before the death of the insured.

> (b) A change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part, shall not have any force or effect.

> (c) A witness to a designation of beneficiary is ineligible to receive payment as a beneficiary.

■ Because the August 16, 1989, letter written by Marian Ward on Grady Ward's behalf was not witnessed, it did not satisfy the requirements of Section 870.902. Because Section 870.902(b) provides that any document that is not executed and filed in accordance with the above requirements "has no force or effect," the letter was ineffective to change the beneficiary designation in Grady Ward's FEGLI policy.

■ Likewise, because Form 2823 was not received by the OPM before the death of the insured, as required by Section 870.902, it had no force or effect, and thus was ineffective to change the beneficiary designation.

Because neither the August 16, 1989, letter nor the late-filed Form 2823 satisfied the requirements of the statute and the

regulations, Cleta Stratton is entitled to the proceeds as the designated beneficiary of Grady Ward's FEGLI policy.

The judgment is reversed, and the case remanded to the district court with directions that judgment be entered in favor of Cleta Stratton.