**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Roger A. HURFORD, et al., Defendants.**

**No. 96–2548–JWL.**

United States District Court,
D. Kansas.

Nov. 13, 1997.

Sherri G. Daniels, Karen A. Brady, Joseph S. Gall, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Metropolitan Life Ins. Co.

Roger A. Hurford, Coffeyville, KS, pro se.

Rosalyce Jesseph, Independence, KS, pro se.

---

1. *See Hudson v. Yellow Cab,* 145 Kan. 66, 69, 64 P.2d 43 (1937) (intersection controlled by traffic lights).

Bruce E. Hurford, Paola, KS, pro se.

Bryan E. Hurford, Independence, KS, pro se.

Rhonda J. Amos, Independence, KS, pro se.

D. Michael Case, Minter, Case & Zimmerman, Wichita, KS, for Nina F. Hurford.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In this declaratory judgment action, plaintiff insurer seeks a declaration concerning the payment of life insurance proceeds under a policy issued pursuant the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. §§ 8701–8716. The matter is presently before the court on the parties' stipulated submission of the case to the court (Doc. 24). In accordance with that stipulation, the parties have submitted a stipulated set of facts and legal briefs. For the reasons set forth below, the court concludes that defendant Nina Hurford is not entitled to share in the proceeds at issue; accordingly, the court grants plaintiff the relief it has requested, and a declaratory judgment is ordered in favor of plaintiff.

### I. Background

FEGLIA authorizes the federal Office of Personnel Management (OPM) to purchase life insurance for federal employees. 5 U.S.C. § 8709(a). Plaintiff insurer issued such a policy to OPM.

Ernest Hurford ("the insured") was employed by the United States Postal Service and was insured under the group life insurance policy issued by plaintiff. On July 16, 1970, the insured completed a Designation of Beneficiary form with respect to his life insurance policy with plaintiff. On the form, the insured listed his beneficiaries, with the shares to be paid to those beneficiaries, as follows:

| | | |
|---|---|---|
| Rosalyce Hurford | Wife | All |
| Rhonda J. Hurford | Daughter | 1–Quarter |
| Bryan E. Hurford | Son | 1–Quarter |
| Roger A. Hurford | Son | 1–Quarter |
| Bruce E. Hurford | Son | 1–Quarter |

The insured and two witnesses signed the Designation of Beneficiary form, which was submitted to the insured's employer. There is no record indicating that the insured ever submitted a subsequent Designation of Beneficiary form.

The insured and Rosalyce Jesseph (then known as Rosalyce Hurford) were divorced on February 25, 1974. The insured married Nina F. Hurford on July 5, 1974.

The insured died on November 12, 1995. At that time, his life was insured under the FEGLI policy with plaintiff in the amount of $37,000. On December 27, 1995, the persons named on the Designation of Beneficiary form—Rosalyce Jesseph, Rhonda J. Amos (formerly known as Rhonda J. Hurford), Bryan E. Hurford, Roger A. Hurford, and Bruce E. Hurford—submitted claims for the proceeds. These five claimants have reached an agreement by which the policy proceeds would be divided among them equally. On February 13, 1996, the insured's widow, Nina Hurford, also submitted a claim for the proceeds.

On December 17, 1996, plaintiff instituted the present declaratory judgment action, naming all six claimants as defendants. Plaintiff seeks a declaration that the defendants named on the Designation of Beneficiary form are the proper beneficiaries of the insured's life insurance policy and are entitled to the policy proceeds, that defendant Nina Hurford is not entitled to the proceeds, and that plaintiff is discharged from all liability concerning the policy after it pays the proceeds.

### II. Discussion

FEGLIA provides that life insurance proceeds under its policies are to be paid in the following order of preference:

First, to the beneficiary or beneficiaries designated by the [insured] in a signed and witnessed writing received before death in the employing office.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force and effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee.

5 U.S.C. § 8705(a). The particular policy issued here provided for payment of proceeds according to the same order of preference. Thus, under the statute and the policy, the parties named on the insured's Designation of Beneficiary form—his children and his former wife—would take to the exclusion of his widow, Nina Hurford.[1]

Ms. Hurford argues, however, that she is entitled to the proceeds under the above order of preference because the insured did not validly designate a beneficiary. Specifically, Ms. Hurford argues that the insured's Designation of Beneficiary form is ambiguous because it purports to assign 200 percent of the proceeds among the five named beneficiaries, and that such ambiguity invalidates the entire designation.

In 1966, Congress amended section 8705 to add the sentence providing that a document not executed and filed in accordance with the statute had no force or effect as a designation of beneficiary. The legislative history reveals that, by so amending the statute, Congress intended to respond to the outcome of *Sears v. Austin,* 292 F.2d 690 (9th Cir. 1961), in which the Ninth Circuit concluded that an insured had properly designated a beneficiary in his will. *Ward v. Stratton,* 988 F.2d 65, 67 (8th Cir.1993); *O'Neal v. Gonzalez,* 839 F.2d 1437, 1440 (11th Cir.1988); *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 121–22 (6th Cir.1982); *Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922, 926 (2d Cir. 1977). Congress thus eliminated the "manifest intent" test for determining a beneficiary. *Huff,* 675 F.2d at 121–22.

■ Accordingly, strict compliance with the statute in designating a beneficiary is now required: "Congress intended to establish, for reasons of administrative convenience, an inflexible rule that a beneficiary must be named strictly in accordance with the statute irrespective of the equities in a particular case." *Manning,* 568 F.2d at 926; accord *O'Neal,* 839 F.2d at 1440; *see also Ward,* 988 F.2d at 67 (1966 amendment "makes it abundantly clear that Congress intended the beneficiary designation provision of [FEGLIA] to be strictly construed") (quoting *Stribling v. United States,* 419 F.2d 1350, 1354 (8th Cir.1969)).

■ The court concludes that the insured's Designation of Beneficiary is in strict compliance with the statutory requirements. The statute demands that beneficiaries be designated in a "signed and witnessed writing received before death in the employing office." 5 U.S.C. § 8705(a). The corresponding OPM regulation imposes similar requirements: "A designation of beneficiary shall be in writing, signed, and witnessed by two people, and received in the employing office ... before the death of the insured." 5 C.F.R. § 870.902. The designation in this case met those requirements and is therefore valid under the governing statute and regulation.

■ There is no statutory requirement that the designation be unambiguous; thus, the ambiguity concerning the particular distribution of the proceeds among the named beneficiaries does not bear on the designation's strict compliance with the statutory requirements. Ms. Hurford has not provided any authority supporting the proposition that an ambiguity not touching one of those requirements invalidates the designation, nor is the court aware of any such authority.

The cases cited by Ms. Hurford help illustrate this distinction. In *Thomas v. Metropolitan Life Ins. Co.,* 921 F.Supp. 810 (D.D.C.1996), the court invalidated the designation of beneficiary because it had not been signed as required by the statute. *Id.* at 811–12. In *Campbell v. Metropolitan Life Ins. Co.,* 812 F.Supp. 1173 (E.D.Okla.1992), the designation had no effect because it had not been signed by a witness as required under the statute and regulation. *Id.* at 1174–75. In those cases, the designation form lacked one of the statutory elements (written, signed, witnessed, received before death). *See also Ward,* 988 F.2d at 67 (letter not valid as designation because not wit-

---

1. Any state law to the contrary would be preempted by the provisions of FEGLIA. See 5 U.S.C. § 8709(d) (expressly preempting any state law relating to the payment of benefits); *Dean v. Johnson,* 881 F.2d 948, 948–49 (10th Cir.1989) (ruling that FEGLIA and accompanying regulations preempt state law); *Metropolitan Life Ins. Co. v. McMorris,* 786 F.2d 379, 380 (10th Cir. 1986) (same); *see also Brewer v. Zawrotny,* 978 F.2d 1204, 1206–07 (10th Cir.1992) (ruling that a state law that would have defeated the claim of the designated beneficiary was preempted by the federal Servicemen's Group Life Insurance Act (SGLIA), a statute analogous to FEGLIA).

nessed; form not valid because not received before death of insured). Here, the form met the statutory requirements: it was written, signed, witnessed, and received prior to the insured's death. Accordingly, the insured validly designated a beneficiary or beneficiaries, and Ms. Hurford is not entitled to the proceeds as the insured's widow.

By so ruling, the court is not, as Ms. Hurford suggests, endeavoring to adopt a particular interpretation of the form or to determine the insured's intent with respect to the proceeds. The court recognizes and plaintiff concedes that the designation is ambiguous with respect to the five individuals named therein. This ambiguity, however, gives rise only to a possible dispute among those defendants named on the form. No matter how that dispute might be resolved, the insured would still have validly designated a beneficiary or beneficiaries, and Ms. Hurford would not be entitled to the proceeds under the statute. Rather than attempting to give effect to the insured's intent, the court has followed Congress's direction and ensured strict compliance with its requirements for designation of beneficiaries under FEGLIA.

Because the defendants named on the Designation of Beneficiary form have apparently reached an agreement concerning payment of the proceeds, the court will honor that agreement and grant plaintiff the declaration it seeks.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Rosalyce Jesseph, Rhonda J. Ames, Bryan E. Hurford, Roger A. Hurford, and Bruce E. Hurford are entitled to equal shares of the life insurance proceeds at issue here. Defendant Nina F. Hurford is not entitled to any portion of those proceeds. Upon payment of the proceeds in accordance with this opinion, plaintiff is discharged from any and all liability concerning the insured's life insurance.

**IT IS SO ORDERED.**