<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-1788**

---

METROPOLITAN LIFE INSURANCE COMPANY,

                                        Plaintiff - Appellee,

        versus

DENISE D. CANTY,

                                        Defendant - Appellant,

        and

TERESA SAUNDERS-WIGGINS; INGRID SAUNDERS;
GEORGE H. SAUNDERS, JR.; ARETHA BENJAMIN, as
Mother and Next Friend of Quentin B. Saunders,
a Minor; BEVERLY POWELL SISK, Guardian ad
litem for Quentin B. Saunders, minor,

                                        Defendants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (CA-96-19-3)

---

Submitted:  May 29, 1998            Decided:  July 21, 1998

---

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

Denise D. Canty, Appellant Pro Se.  Alvin Pasternak, Sherry Susan Laird, METROPOLITAN LIFE INSURANCE COMPANY, New York, New York, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order dismissing her claim as a beneficiary to life insurance proceeds. We have reviewed the record and the district court's order and affirm as modified.

Metropolitan Life Insurance Company (MetLife) brought this interpleader action in district court against the five children of George Saunders, a deceased federal employee. Pursuant to the Federal Employees' Group Life Insurance Act of 1951 (FEGLIA), the decedent was covered under a group policy issued by MetLife to the Office of Personnel Management (OPM). See 5 U.S.C. § 8701-16 (1994). The Appellant was a named beneficiary in two forms; however, as the district court correctly concluded, both forms were invalid. See 5 U.S.C. § 8705(a); see also Ward v. Stratton, 988 F.2d 65, 67 (8th Cir. 1993). We therefore affirm the district court's order but modify it to reflect the denial of the Appellant's motion for summary judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED