**METROPOLITAN LIFE INSURANCE COMPANY,**

v.

**Katharine M. DILLON and Lisa A. Putnam.**

**No. CIV.NO. JFM–03–420.**

United States District Court, D. Maryland.

Nov. 10, 2003.

David A. Carter, Meyers, Rodbell and Rosenbaum PA, Annapolis, MD, for Plaintiff.

Leonard C. Redmond, III, Law Office of Leonard C. Redmond III PC, Baltimore, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Metropolitan Life Insurance Company ("Metlife") has brought this interpleader action against Defendants Katharine M. Dillon and Lisa A. Putnam for a declaratory judgment to determine

which defendant is legally entitled to collect the life insurance proceeds of James Joseph Dillon, Jr., who was covered by the Federal Employees' Group Life Insurance ("FEGLI") Program. Both defendants filed claims for the proceeds upon his death, each claiming to be the designated beneficiary of the policy. Defendants each move for summary judgment. For the reasons stated below, Ms. Dillon's motion will be denied, and Ms. Putnam's motion will be granted.

## I.

James Joseph Dillon, Jr., was employed by the District of Columbia Fire Department from 1977 until his disability retirement in 1990. During his employment and sometime thereafter, Mr. Dillon was insured under the FEGLI Program, either as an employee or as a recipient of disability compensation from the federal government.

On July 31, 1979, Mr. Dillon completed a Designation of Beneficiary form, identifying his then-wife Katharine Dillon as the sole beneficiary of the life insurance proceeds payable upon his death under the FEGLI policy. In July 1993, Mr. Dillon's FEGLI policy coverage was terminated after his compensation ended upon the determination that he was restored to earning capacity. Consequently, pursuant to federal law, the 1979 designation of beneficiary was automatically cancelled thirty-one days after Mr. Dillon's insurance coverage ended. Thus, Katharine Dillon ceased to be the designated beneficiary of

any FEGLI proceeds from Mr. Dillon's policy as of August 1993.

Mr. Dillon's disability compensation and coverage under the FEGLI program was restored in 1995, but he failed to execute a new Designation of Beneficiary form at that time. On January 8, 1999, James Joseph Dillon and Katharine Dillon divorced. They had four children: Kelly Marie, Jacqueline Marie, Kathleen Marie, and James Joseph Dillon, III.

In January 2001, Mr. Dillon was once again restored to earning capacity and terminated from FEGLI coverage. His coverage was then reinstated in 2002. On July 1, 2002, Mr. Dillon designated Lisa A. Putnam, his fiancé, as the beneficiary of the FEGLI policy. The Office of Personnel Management ("OPM") validated the form on September 16, 2002, and returned it to Mr. Dillon, who passed away the very next day. The designation form was later found invalid because it contained the signature of only one witness, not two, as required by FEGLI regulations. 5 C.F.R. § 870.802(b). At the time of Mr. Dillon's death, the life insurance proceeds under his policy amounted to $32,000. Ms. Putnam filed a claim for these FEGLI proceeds on October 3, 2002. On October 22, 2002, Katharine Dillon also filed a claim for the benefits.

On October 25, 2002, the Office of Federal Employees' Group Life Insurance ("OFEGLI") informed Ms. Dillon, Ms. Putnam, and the four Dillon children that the two Designation of Beneficiary forms on file were invalid and that, pursuant to the statutory order of payment,[1] payment

---

1. 5 U.S.C.A. §§ 8705(a) provides:

   Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the

   date of his death, in the following order of precedence:
   First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as

would be made to Mr. Dillon's children. On October 31, 2002, the four Dillon children notified OFEGLI of their desire to relinquish their rights to the FEGLI proceeds and properly assigned their rights to Ms. Putnam.

Ms. Dillon subsequently corresponded with OFEGLI, challenging OFEGLI's determination that the 1979 designation of beneficiary was cancelled in 1993. In a letter dated November 4, 2002, Ms. Dillon proposed having the FEGLI proceeds made subject to an action for interpleader. Then, in a subsequent letter, Ms. Dillon threatened to file suit if the benefits were not paid to her. Because of the potential litigation Metlife would face if it were to make a determination as to the proper beneficiary of Mr. Dillon's FEGLI benefits, Metlife filed a complaint for declaratory judgment and interpleader against both Ms. Dillon and Ms. Putnam. The court subsequently ordered that the contested life insurance proceeds be turned over to the Registry of the District Court pending resolution of the case.

## II.

### A.

Both defendants have moved for summary judgment. Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Ms. Dillon argues that she is entitled to the proceeds of her former husband's FEGLI policy pursuant to a Civil Service Retirement Benefits Order that was entered by the Circuit Court of Maryland for Montgomery County on November 24, 1998, after the couple divorced. Under FEGLI regulations, if OPM has received a valid court order requiring life insurance benefits to be paid to a specific named person upon the death of an insured individual, the insured cannot designate a different beneficiary and the benefits must be paid to the person specified in the order. 5 C.F.R. § 870.801(d)(1).

The court order Ms. Dillon refers to grants her an interest in Mr. Dillon's Civil Service Retirement System ("CSRS") Benefits, specifically his disability retirement and annuity retirement benefits, and awards Ms. Dillon the maximum former spouse survivor annuity under the CSRS.[2]

---

provided by section 8706(b) of this title, in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

Second, if there is no designated beneficiary, to the widow or widower of the employee.

Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

Fourth, if none of the above, to the parents of the employee or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee.

Sixth, if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death.

**2.** Former spouse survivor annuity is defined by federal regulation as "a recurring benefit under CSRS...that is payable to a former spouse after the employee's or retiree's death." 5 C.F.R. § 838.103. This is different

(Dillon's Mot. for Sum. Judgment, Ex. 3). The order is exclusively directed at granting CSRS benefits and does not award Ms. Dillon any share of Mr. Dillon's life insurance proceeds. Mr. Dillon's FEGLI benefits are separate and distinct from his retirement benefits under CSRS, as the FEGLI program independently administers the life insurance benefits at issue with no connection to CSRS.[3] Since the order does not specifically indicate that Ms. Dillon is to receive Mr. Dillon's life insurance benefits, it does not operate to compel payment to her under the FEGLI policy or to preclude any subsequent designation of beneficiary Mr. Dillon may have made. Therefore, Ms. Dillon cannot

rely on the order to show her entitlement to the FEGLI proceeds.[4]

## B.

With regard to Ms. Putnam, there is no dispute that the Designation of Beneficiary form that Mr. Dillon completed in 2002, naming Ms. Putnam as beneficiary, was invalid for lack of necessary witness signatures.[5] Nevertheless, Ms. Putnam is entitled to receive the life insurance proceeds. Because both the 1979 and 2002 designations of beneficiary were found to be invalid, the Dillon children then became the rightful recipients of the proceeds according to the statutory order of preference.

from the proceeds recoverable from the FEGLI policy upon Mr. Dillon's death.

3. Ms. Putnam has submitted the affidavit of Sara E. Gross to substantiate the fact that the retirement benefits referred to in the court order are not the same as life insurance benefits under FEGLI. Gross's affidavit contains confirmation that the two are distinct based on conversations Gross had with individuals at OPM. Ms. Dillon has moved to strike the affidavit for asserting facts not within Gross's personal knowledge, as required by Rule 56(e) of the Federal Rules of Civil Procedure. The court agrees that the affidavit is deficient in this respect and contains inadmissible hearsay not within the residual exception to the hearsay rule encompassed by Rule 807. Accordingly, the court will grant the motion to strike. The affidavit is not necessary, however, to establish the difference between the two types of benefits. A review of the statutory provisions regarding the Civil Service Retirement Benefits to which the court order refers indicates that life insurance benefits are distinct from the retirement benefits covered by the CSRS. See 5 U.S.C.A. § 8331–8351. Although the affidavit will be stricken, sanctions are not warranted, as Ms. Dillon has proffered no evidence demonstrating that the affidavit was presented in bad faith or solely for the purpose of delay.

4. Ms. Dillon has filed a Motion for Leave to File Supplemental Exhibits for the purpose of demonstrating that the Civil Service Retire-

ment Benefits Order was received by OPM and that OPM intended to honor the order. Because I have determined that the order does not apply to the FEGLI benefits at issue, I will deny Ms. Dillon's motion as moot.

5. Ms. Putnam does not dispute this fact but argues that the preclusionary effect of the procedural error is unjust on public policy grounds. I need not consider the public policy implications of deeming the procedurally-flawed designation invalid because I have determined that Ms. Putnam is legally entitled to the life insurance proceeds on alternative grounds. However, I note that case law makes clear that "the statutory requirements regarding changing the named beneficiary of a FEGLI policy are to be strictly construed." *Ward v. Stratton*, 988 F.2d 65, 67 (8th Cir. 1993) (invalidating a letter attempting to change beneficiary because it lacked witnesses' signatures and rejecting a partially-incomplete Designation of Beneficiary form for failing to satisfy regulations governing the changing of beneficiaries); *Campbell v. Metropolitan Life Ins. Co.*, 812 F.Supp. 1173 (E.D.Okla.1992), (holding that designation of beneficiary form had no effect because it had not been signed by a witness). *See also Metropolitan Life Ins. Co. v. Manning*, 568 F.2d 922, 926 (2nd Cir.1977) ("Congress intended to establish, for reasons of administrative convenience, an inflexible rule that a beneficiary must be named strictly in accordance with the statute, irrespective of the equities in a particular case").

Since the children all assigned their rights to the benefits to Ms. Putnam, Ms. Putnam is now legally entitled to Mr. Dillon's life insurance proceeds.

For the foregoing reasons, summary judgment is granted as to Ms. Putnam and denied as to Ms. Dillon.[6]

A separate order is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 10th day of November 2003,

ORDERED that

1. Defendant Dillon's motion to strike the affidavit of Sara E. Gross is granted, but her motion for sanctions is denied;

2. Defendant Dillon's motion for leave to file supplemental exhibits is denied;

3. Defendant Dillon's motion for summary judgment is denied;

4. Defendant Putnam's motion for summary judgment is granted;

5. Defendant Putnam's motion for disbursement of funds is granted;

6. The Clerk shall disburse from the interpleaded funds $8151.63 to the Burbage Funeral Home and shall disburse the remainder of the interpleaded funds, plus accrued interest, to Defendant Putnam.

7. This case is closed.

---

6. Because I have ruled Ms. Putnam to be the proper beneficiary and have granted summary judgment in her favor, I also will grant her Motion for Disbursement of Funds from the Court Registry.