[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16324
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00163-CV-1

DENISE HENNINGER,

Plaintiff-Counter-Defendant-Appellee,

versus

THE STANDARD INSURANCE COMPANY,

Defendant-Counter-Claimant-Cross-Claimant,

NORMA HENNINGER,

Defendant-Cross-Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 2, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Norma Henninger ("Norma") appeals from the district court's entry of

summary judgment in this contractual dispute brought under Georgia state law, in

which Norma alleged that she -- rather than her son Joseph's ex-wife, Denise Henninger ("Denise") -- was entitled to the proceeds of Joseph's $150,000 life insurance policy. On appeal, Norma argues that: (1) the district court erred by finding that it was ambiguous whether her son designated her and Denise to be co-beneficiaries, and also erred by resolving the alleged ambiguity by considering parol evidence; and (2) there was a genuine dispute of material fact as to whether Joseph did substantially all he could to change the beneficiary designation. After careful review, we affirm.

We "review[] a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion." Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005). A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

First, we are unpersuaded by Norma's claim that the district court erred in finding the contract to be ambiguous and in relying on parol evidence to resolve that ambiguity. As the record reveals, Joseph's designation read as follows:

Beneficiary Information You may name a beneficiary or beneficiaries
to receive any company-paid life insurance, optional life or accidental

death benefits payable at your death. Unless you specify otherwise, benefits are divided equally between the beneficiaries you name. Attach a separate sheet if you need additional space.

This instruction was followed by this handwritten provision:

| | | |
|---|---|---|
| Denise Henninger | wife | 100% |
| Norma Henninger | mother | 100% |

On appeal, Norma relies on this language to argue that the contract unambiguously provides that the two listed beneficiaries are to share the proceeds equally.

"Under Georgia law, there are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (O.C.G.A. § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity." Maiz v. Virani, 253 F.3d 641, 658-59 (11th Cir. 2001) (alteration and quotations omitted). "A word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one." Kusuma v. Metametrix, Inc., 381 S.E.2d 322, 323 (Ga. App. 1989) (quotations omitted). When applying the rules of construction, the cardinal rule "is to ascertain the intention of the parties," and, to do so, "the court should consider the language of the contract in light of the surrounding circumstances." Maiz, 253 F.3d at 659 (quotations omitted). "If, however, after applying the rules of construction, the intent of the parties continues

3

to be disputed and capable of more than one interpretation, then it is a factual matter for resolution by the jury and not a matter of law for determination by the court." Id. (quotations omitted).

The Georgia Code provides that "[p]arol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained." O.C.G.A. § 13-2-2(1). Thus, where a contract is unambiguous on its face, it "is not susceptible to variance by parol evidence." A. Atlanta AutoSave, Inc. v. Generali-U.S. Branch, 514 S.E.2d 651, 653 (Ga. 1999). However, "where an ambiguity exists in the written terms, parol evidence may be used in ascertaining that intent." Holcim (US), Inc. v. AMDG, Inc., 596 S.E.2d 197, 200 (Ga. App. 2004); Gans v. Ga. Fed. Sav. & Loan Ass'n, 347 S.E.2d 615, 619 (Ga. App. 1986) ("when it is impossible to determine the intent of the parties from the language of the contract itself, it is proper to introduce extrinsic evidence, including parol evidence, to establish that intent").

Here, as the district court found, Joseph's designation of beneficiaries was ambiguous: the beneficiary designation form completed by Joseph provided that "unless you specify otherwise, benefits are divided equally between the beneficiaries you name," and yet Joseph clearly specified otherwise by writing

4

"100%" next to each beneficiary's name. This designation could be construed as creating either contingent or co-beneficiaries, and was therefore ambiguous. See Kusuma, 381 S.E.2d at 323; see also Metropolitan Life Ins. Co. v. Hurford, 983 F. Supp. 1045, 1047 (D.C. Kan. 1997).[1] Under Georgia law, the court was obliged to attempt to resolve this ambiguity by applying the applicable rules of construction -- including parol evidence -- before submitting the issue to a jury. Maiz, 253 F.3d at 658-59; Holcim, 596 S.E.2d at 200. The testimony of the benefits coordinator for Joseph's employer established that Joseph's non-intuitive designation followed exactly the form Joseph would have been instructed to use to create contingent beneficiaries, so this testimony was useful in ascertaining what he intended to do when he used that language. See Holcim, 596 S.E.2d at 200. This testimony does not contradict the written policy, as the written policy did not describe how to create contingent beneficiaries. We thus conclude that this parol evidence -- the benefits coordinator's testimony that the particular language used here matched

---

[1] In Hurford, the insured made the following designation of benefits: Rosalyce Hurford, wife, all; Rhonda Hurford, daughter, one quarter; Bryan Hurford, son, one quarter; Roger Hurford, son, one quarter; Bruce Hurford, son, one quarter. 983 F. Supp. at 1046. Rosalyce and the insured divorced sometime later, and Nina Hurford -- the insured's wife at the time of his death -- submitted a claim for the policy's proceeds. Id. The court determined that the designation was ambiguous, but concluded that this ambiguity did not render the policy noncompliant with the Federal Employees Group Life Insurance Act. Id. at 1047-48. It declined to determine an appropriate distribution, however, because the parties had reached an agreement concerning payment of proceeds. Id. at 1048. Thus, to the extent Norma suggests that the Hurford court held that a distribution of 200% of a policy's proceeds was not ambiguous, she is incorrect: that court expressly found the distribution to be ambiguous.

5

instructions the insured would have received on creating contingent beneficiaries --

resolves the contract's ambiguity and shows that Joseph intended to designate

contingent beneficiaries.[2]

We likewise reject Norma's argument that there was a genuine dispute of

material fact as to whether Joseph did substantially all he could to change the

beneficiary designation. Under Georgia law, "[e]ven in the event of a divorce

decree and settlement agreement, the beneficiary of an insurance policy generally

remains the same until a change of beneficiary is effected in accordance with the

terms of the policy." Hinkle v. Woolever, 547 S.E.2d 782, 783 (Ga. App. 2001).

"If, however, the insured has done substantially all that is required of him, or all

that he is able to do, to effect a change of beneficiary, and all that remains to be

---

[2] We need not address Norma's argument that this testimony on this issue was hearsay, because she did not raise that argument in her initial brief. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (noting that a claim that is not plainly and prominently indicated is abandoned on appeal, even if properly preserved below). For the same reason, we do not address Norma's argument that this testimony failed to establish an industry-wide custom. Id. Moreover, although other testimony demonstrated that the language used here did not reflect an industry-wide practice, the issue in this case was what Joseph intended, not whether his language would be widely accepted as an indication of that intent or whether the instruction he received during orientation was accurate.

In addition, Norma's argument regarding the right of The Standard Insurance Company, Joseph's life insurance company, to interpret the designation appears to be without merit. A distribution by Standard would not have prevented Denise from alleging that Standard had misinterpreted the contract or otherwise violated her rights as a third-party beneficiary, and a court would not be bound by Standard's interpretation. Moreover, Standard expressly found the designation to be "not clear," and said that it was not in a position to determine how the proceeds should be distributed.

done is ministerial action of the insurer, the change will take effect though the details are not completed before the death of the insured. Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary." Id. at 783-84 (quotations omitted).

In Hinkle, the Georgia appellate court found that the insured "did substantially all he could to change the beneficiary." Id. at 784. He did not complete the change of beneficiary form, but he did write the insurer on four occasions to request the change. Id. The insurer replied only that it required a copy of the divorce decree, and his attorneys forwarded that the same day it was entered, which happened to be after his death. Id. In contrast, in a case where the insured expressed an intention to change the designation, but did not execute any document to that effect or make any other attempt to comply with the procedure set forth in the policy, the court found that he did not do substantially all he could. Maxwell v. Britt, 319 S.E.2d 88, 90 (Ga. App. 1984).

Moreover, although state law provides the substantive law for this diversity suit, "the admissibility of evidence in federal courts is governed by federal law." Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 754 (11th Cir. 1985). "Inadmissible hearsay generally cannot be considered on a motion for summary

judgment." Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 783 (11th Cir. 2004). Hearsay is an out-of-court statement, other than one made by the declarant, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

Here, the district court correctly found that undisputed evidence -- the benefits coordinator's testimony -- showed that Joseph did not change his life insurance beneficiary designation, and that his failure to do so was purposeful. Although several individuals testified that Joseph and Denise did not have a good relationship after their divorce, that fact does not contradict the benefits coordinator's testimony. In addition, although several individuals testified that Joseph told them he had changed his beneficiary designation, this testimony was inadmissible hearsay: it was offered to prove that Joseph did, in fact, make the change, and Norma has not shown that it fit within any of the exceptions to the general rule that hearsay is inadmissible. See Fed. R. Evid. 801-804.

Thus, unlike in Hinkle, there was no evidence that Joseph contacted Standard or the Department to change his designation. Rather, there was evidence that he specifically told the Department that, although he wished to make other beneficiary changes, he did not wish to change his life insurance designation. As in Maxwell, Joseph's failure to take any step towards changing his beneficiary

designation prevents us from considering the change to be made.  319 S.E.2d at 90.

Accordingly, there was no genuine dispute as to whether Joseph did all he could to change his beneficiary designation.

**AFFIRMED.**[3]

---

[3] In addition, Appellee's motion for leave to file a sur-reply brief is DENIED, and Appellee's motion for an award of damages and costs for a frivolous appeal under Fed. R. App. P. 38 is DENIED.  The Appellant will be taxed costs only as provided for in Fed. R. App. P. 39.